ELIZABETH K. HUNT, Respondent, v. MANUFACTURERS' CASUALTY INSURANCE COMPANY, Appellant.— Judgment reversed on the law and a new trial granted, with costs to the appellant to abide the event. Memorandum: The action is brought on a standard policy of automobile liability insurance issued to plaintiff by the defendant to recover a sum of money which plaintiff was required to pay to satisfy a judgment recovered by a passenger in plaintiff's automobile who was injured when plaintiff's automobile overturned. The defense interposed is that the plaintiff failed to co-operate with the defendant as required by the terms of the policy. The denial of defendant's request to charge that " false misrepresentation and an intentional false misrepresentation of a material fact to this company is failure to co-operate with them ", together with the charge that " knowingly making any false misrepresentation with respect to subjects which, in the judgment of the jury, constituted an element of co-operation, will entitle the jury to disregard such statements " we feel constitutes reversible error. If we correctly interpret the language of the court, the charge completely removed the defense of co-operation from the consideration of the jury. The charge of the court was in effect an instruction to the jury that if it found that

the plaintiff actually made an intentional false misrepresentation of a material fact to the insurance company, the jury might nevertheless disregard such statement and find that such conduct on the part of the plaintiff was not failure to co-operate. We also feel that the court erred in refusing to charge that "co-operation means a fair and frank disclosure of information reasonably demanded of this woman, and that if the jury find that she did not comply, or frankly disclose the information which this company was entitled to, that she failed to co-operate with the company." The insured was required to make fair and frank disclosures of information reasonably demanded by the insurer and the jury should have been so instructed to the end that the insurer be enabled to determine whether it had a genuine defense (*Coleman* v. *New Amsterdam Cas. Co.*, 247 N. Y. 271). All concur. (The judgment is for plaintiff in an action under a liability insurance policy.) Present — Taylor, P. J., McCurn, Love, Vaughan and Kimball, JJ.