■ GENERAL MUTUAL INSURANCE COMPANY, Appellant, v. MILDRED GREMPEL et al., Respondents.— In an action by an insurer for a judgment declaring its right to disclaim liability under a policy of automobile liability insurance, plaintiff appeals from a judgment of the Supreme Court, Nassau County, entered November 21, 1961 upon the decision of the court after a nonjury trial, dismissing the complaint and directing plaintiff to pay the fee of the guardian ad litem of the defendant Brian C. Salter. Judgment reversed on the law and the facts and a new trial granted, with costs to abide the event. An automobile owned by the named insured, Mildred Grempel, was driven by her son, Brian C. Salter, when an accident occurred. In March, 1959 both the insured and her son gave signed statements to the insurer to the effect that the son had been given limited permission to drive the automobile, but that at the time of the accident he was exceeding the permission granted. Thereafter, the insurer undertook the defense of actions brought against the insured and her son by persons involved in the accident. The attorneys assigned admitted (by not denying) that at the time of the accident the automobile was being operated with the permission of the named insured. In October, 1960, both the insured and her son gave signed statements to a representative of the insurer to the effect that the son had not

been given permission to drive the automobile; that he took it without her knowledge. Thereafter, the insurer gave notice that, because of the contradictory statements and lack of co-operation, it disclaimed liability under the policy. Subsequently, the insurer commenced this action. The evidence established prima facie that the insured and her son breached the condition in the contract of insurance which required co-operation with the insurer (cf. *United States Fid. & Guar. Co.* v. *von Bargen,* 7 A D 2d 872, affd. 7 N Y 2d 932; *Lumbermens Mut. Cas. Co.* v. *Goldwasser,* 7 A D 2d 849; *National Grange Mut. Liab. Co.* v. *Fino,* 13 A D 2d 10; *Hunt* v. *Manufacturers' Cas. Ins. Co.,* 274 App. Div. 964; *Shafer* v. *Utica Mut. Ins. Co.,* 248 App. Div. 279; *Coleman* v. *New Amsterdam Cas. Co.,* 247 N. Y. 271). However, there was evidence to the effect that in their statements of October, 1960, the insured and her son were induced to deviate from the truth by a representative of the insurer. If this be so, the insurer clearly has no right to disclaim liability. On the other hand, the insurer did not lose its right to disclaim if its representative induced the insured and her son to state the truth in their statements of October, 1960. The decision of the trial court is based in part upon the erroneous premise that these issues are immaterial. Insofar as it held that the plaintiff must show prejudice in order to prevail, the trial court was also in error (cf. *Coleman* v. *New Amsterdam Cas. Co., supra*; *United States Fid. & Guar. Co.* v. *von Bargen, supra*; *National Grange Mut. Liab. Co.* v. *Fino, supra*). Accordingly, a new trial is required. Ughetta, Acting P. J., Brennan and Hopkins, JJ., concur; Kleinfeld and Hill, JJ., dissent and vote to affirm on the opinion of the learned Justice at Special Term.