■ In the Matter of the Arbitration between: EMPIRE MUTUAL INSURANCE COMPANY, Appellant, and ERMYN STROUD et al., Respondents.— Judgment, Supreme Court, New York County, entered September 7, 1973, *inter alia,* sustaining a disclaimer of liability by respondent Boston Old Colony Insurance Company (Old Colony), unanimously reversed, on the law and on the facts, the petition granted and arbitration stayed, and the disclaimer invalidated. Appellant shall recover $40 costs and disbursements of respondent Boston

Old Colony Insurance Company. On May 31, 1970, respondent Stroud was a passenger in a vehicle which was struck in the rear by an automobile owned by Grace Chapman, operated by Elbert Johnson and insured by Old Colony. Acting on information received from the Motor Vehicle Bureau, Stroud's Counsel wrote Old Colony on July 30, 1970 and informed it of the accident in sufficient detail to satisfy the notice requirements of section 167 (subd. 1 par. [c]) of the Insurance Law. On September 16, 1970, Old Colony assigned an investigator to the case who was unable to contact either Chapman or Johnson by mail or personally. Letters sent by ordinary mail were not returned. Those sent by registered mail were either returned with a forwarding address indicated or stamped "unclaimed". The investigator also left his business cards at several Bedford-Stuyvesant area addresses, including unmarked mail boxes, where his information indicated Chapman or Johnson might be residing. No motor vehicle report was ever filed by Johnson and his operator's license was suspended as a result of such omission. Old Colony also hired an independent agency to interview Chapman and Johnson, but it was apparently as unsuccessful as Old Colony. The agency submitted two status reports, one before and one after the disclaimer here in issue, which were admitted into evidence by the trial court, over objection. The first letter from the agency to Old Colony, dated February 5, 1971, contained the following sentence: "Based on the enclosed letter he wrote [referring to Johnson], you will observe he is apparently an uneducated type of person." The "enclosed letter" was never produced. The second letter, dated March 5, 1971, contains the wholly conclusory assertion: "your insured adamantly refuses to cooperate." On February 11, 1971, some six and one-half months after it was advised of the accident, Old Colony notified Stroud's counsel that it was disclaiming liability, but failed to set forth the grounds therefor. In our opinion the competent legally admissible evidence adduced falls short of overcoming the heavy burden imposed on Old Colony of establishing lack of co-operation by its insured. (*Thrasher* v. *United States Liab. Ins. Co.,* 19 N Y 2d 159.) The reports by the investigating agency were clearly hearsay and should not have been received. No contact with Chapman or Johnson is shown. The mere fact that unregistered letters addressed to them were not returned does not prove that they were received. The failure to file a motor vehicle report does not constitute "willful and avowed obstruction". (*Coleman* v. *New Amsterdam Cas. Co.,* 247 N. Y. 271, 276.) Moreover, the six and one-half month delay in advising claimant of the disclaimer and the failure to assert the grounds therefor bars Old Colony from now disclaiming liability by reason of the asserted lack of co-operation by its insured. (Cf. *Appell* v. *Liberty Mut. Ins. Co.,* 22 A D 2d 906, affd. 17 N Y 2d 519; *Allstate Ins. Co.* v. *Gross,* 27 N Y 2d 263.) Concur — Markewich, J. P., Kupferman, Murphy, Steuer and Tilzer, JJ.