■ CRAIG FERGUSON, Appellant, v UTICA MUTUAL INSURANCE COMPANY et al., Respondents. — Appeal (1) from an order of the Supreme Court at Special Term (Levine, J.), entered March 5, 1982 in Schenectady County, which granted defendant Utica Mutual Insurance Company's motion for summary judgment dismissing the complaint, and (2) from an order of said court (Shea, J.), entered March 16, 1983 in Schenectady County, which denied plaintiff's motion, *inter alia,* to vacate a default judgment and for summary judgment against defendant Allstate Insurance Company. Plaintiff was injured on April 12, 1978 when his vehicle was in a collision with a motor vehicle owned by Rita De Nisio and operated by Joseph De Nisio. Plaintiff sued the De Nisios and obtained a default judgment on October 25, 1978 for $150,124. No part of this judgment has been paid. Defendant Allstate Insurance Company (Allstate) had sent Rita De Nisio a notice of cancellation for nonpayment of premiums prior to the accident. Plaintiff's insurance carrier was defendant Utica Mutual Insurance Company (Utica). Plaintiff communicated with his own insurer which did not pursue a claim against Allstate, believing that Allstate's policy had been canceled. Subsequently, Utica received a copy of the notice of cancellation and, finding it defective, refused to provide uninsured motorist benefits to plaintiff. The instant action was then commenced by plaintiff against both carriers. Utica moved for summary judgment on the ground that Allstate's cancellation was ineffective, making its own coverage inapplicable. Allstate in its answer asserted affirmative defenses alleging that the cancellation was effective, that its policy would have expired prior to the accident, and that the De Nisios had failed to notify or co-operate with Allstate as required by the policy. Plaintiff opposed the motion and requested summary judgment. Special Term (Levine, J.), in a decision dated February 12, 1982, held that Allstate's cancellation notice failed to meet the strict statutory requirements and that therefore the policy was not canceled or expired as of the date of the accident. Summary judgment was therefore granted to Utica. The issue of the De Nisios' co-operation was not discussed in the decision. However, prior to the time this decision was reduced to an order, Allstate moved before a different Supreme Court Justice for summary judgment on affidavits closely paralleling the facts set forth in its papers in opposition to Utica's earlier motion.

Allstate's papers, however, did not inform the Justice to whom they were made of the prior decision of February 12, 1982. Plaintiff did not appear on the motion or submit opposing papers, although two adjournments of the return date were obtained on his behalf. Special Term (Shea, J.) issued an order, without decision, granting summary judgment in favor of Allstate. Plaintiff moved to vacate its default before Justice Shea and requested summary judgment against Allstate. The court denied plaintiff's motion, holding that plaintiff's excuse of law office failure was unacceptable as a matter of law and that plaintiff had failed to show a meritorious defense against Allstate. Plaintiff appeals from that order and the prior order which granted summary judgment in favor to Utica. The order granting summary judgment to Utica should be affirmed, the default of plaintiff in responding to the motion before Justice Shea should be vacated, and plaintiff's motion for summary judgment against Allstate should be granted. The decision of Justice Levine, issued February 12, 1982, by implication determined that the non-co-operation of the De Nisios was not a bar to the effectiveness of Allstate's policy since, unless Allstate's coverage was in effect, Utica would not have been entitled to summary judgment. Had Justice Levine found the defense of non-co-operation meritorious, Utica's uninsured motorist coverage would have been applicable. Moreover, Allstate, by sending the defective notice, induced the insured's breach of the co-operation clause and should be estopped from disclaiming liability on that ground as a matter of law (see *General Mut. Ins. Co. v Grempel,* 17 AD2d 650). Further, since Allstate clearly acted improperly in obtaining the subsequent order granting it summary judgment from Justice Shea, that order should be reversed. The doctrine of the law of the case is applicable here to any matter of merit previously decided. The previously decided issue is binding on the parties and on Judges of co-ordinate jurisdiction (see *George W. Collins, Inc. v Olsker-McLain Inds.,* 22 AD2d 485). Allstate's motion papers presented to Justice Shea failed to specify that the application was based only on non-co-operation grounds, and improperly included allegations relative to cancellation and expiration as well. Additionally, Allstate incorrectly failed to inform Justice Shea of the existence of Justice Levine's decision and misstated a material fact when it stated that its policy had been canceled, although Justice Levine had already decided otherwise (see CPLR 3212, subd [b]). Finally, the recent enactment by the Legislature of a new section CPLR 2005 (L 1983, ch 381, § 1, eff June 21, 1983) makes it unnecessary to consider whether plaintiff's default, due to what was characterized as law office failure, precluded the exercise of judicial discretion as a matter of law. We find in this case, upon weighing the accident victim's paramount right to insurance protection against the insurer's right to disclaim coverage for its insured's non-co-operation, that plaintiff's default, though the result of law office failure, was excusable. Justice Shea also based his denial of plaintiff's application to vacate the default on a finding that plaintiff failed to show a meritorious defense to Allstate's motion for summary judgment. We reach a different conclusion. Although the court was empowered to search the record on Allstate's motion (CPLR 3212, subd [b]), it was hampered in this task by the moving party's nondisclosure and misstatement as to the prior decision of Justice Levine. Contrary to Justice Shea's finding that plaintiff stated his defense to the motion in conclusory form, the record reveals that plaintiff recited the facts of the case and submitted supporting proof that adequately established the existence of a meritorious defense. On searching this record (see CPLR 3212, subd [b]); *Wiseman v Knaus,* 24 AD2d 869), it appears that plaintiff's motion for summary judgment should be granted. Order entered March 5, 1982 affirmed, without costs. Order entered March 16, 1983 reversed, on the law and the facts, with costs to plaintiff against Allstate Insurance

Company; motion to vacate the order granting a default against plaintiff granted, and summary judgment awarded to plaintiff against Allstate Insurance Company. Mahoney, P. J., Kane, Main, Casey and Mikoll, JJ., concur.