Daniel L. SUTERA, Plaintiff
and Appellee,

v.

SULLY BUTTES BOARD OF EDUCATION, Sully Buttes School District No. 58–2, Brian Meyer, Tony Todd, Cliff De Sautell, Lillian Dampbell, Cathy Davis, Leonda Wright, and Don Burgeson, Defendants and Appellants.

No. 14423.

Supreme Court of South Dakota.

Considered on Briefs May 24, 1984.

Decided July 11, 1984.

Linda Lea Viken of Finch & Viken, Rapid City, for plaintiff and appellee.

Charles M. Thompson of May, Adam, Gerdes & Thompson, Pierre, for defendants and appellants; Patricia A. Meyers of May, Adam, Gerdes & Thompson, Pierre, on the brief.

DUNN, Justice.

This is an appeal from a judgment of the trial court which reversed a school board decision and reinstated a tenured teacher to employment. We affirm.

Daniel L. Sutera was a teacher in the Sully Buttes School System for thirteen years, during which time he attained tenured status. Sutera taught social sciences, driver's education, physical education, and had coaching responsibilities every year.

In 1982, appellants Sully Buttes School District and Sully Buttes Board of Education (Board) began a policy of staff reduction because of declining enrollments. As a part of this policy, Board decided that the school did not need two social science teachers, one of whom was Sutera. Board determined that between the two tenured social science teachers, Sutera's position would be eliminated. Next, Board compared Sutera to the head high school basketball coach, Mr. Burgard, who was a nontenured, first-year teacher. Although Board acknowledged that Sutera was certified to teach all the courses taught by Burgard, it concluded that Sutera was "unqualified for the position as head basketball coach at Sully Buttes High School." Consequently, Burgard was offered a contract for the 1983–84 school year, while Sutera was informed that his contract would not be renewed.

Sutera appealed Board's decision to the circuit court pursuant to SDCL 13–46–1. The court, after hearing the testimony of the parties, found that Sutera was in fact both certified and qualified to perform all of Burgard's duties. The court concluded that when Board rehired a probationary teacher rather than a certified and qualified tenured teacher, Board violated its own rules for staff reduction; therefore, it ordered that Sutera be reinstated. Board now appeals the trial court decision and contends that the court was wrong in substituting its judgment for the judgment of Board on the question of Sutera's qualifications.

We begin our analysis by noting that all statutory procedural steps were complied with in this case. There is no issue of administrative procedural deficiency, and the trial court found that the sole reason for the nonrenewal was staff reduction. The only real issue is whether the trial court erred in its finding that Sutera is qualified to be head basketball coach at Sully Buttes.

This court is cognizant of the great deference due to school board decisions in determining whether to renew a teacher's contract. As long as the school board is legitimately and legally exercising its administrative powers, the courts may not interfere with nor supplant the school

board's decision making process. *Schaub v. Chamberlain Bd. of Educ.*, 339 N.W.2d 307 (S.D.1983); *Schnabel v. Alcester School Dist. No. 61–1*, 295 N.W.2d 340 (S.D.1980). However, rules and regulations of any administrative agency including a school board, which are duly adopted and within the authority of the agency, are as binding as if they were statutes enacted by the legislature. Therefore, the procedures adopted by a board for it to follow in determining staff reductions have the force and effect of law and must be followed by the board. *Ward v. Viborg School Dist. No. 60–5*, 319 N.W.2d 502 (S.D.1982); *Schnabel, supra.*

Here, Board adopted the following policy for reduction of staff:

In the event of a staff reduction, the following guidelines will be utilized:

A. Persons with less than full certification shall be staff reduced first.

B. Probationary teachers (i.e. those in their first or second year of employment with the District) and part-time teachers shall be staff reduced prior to teachers protected by the statutory continuing contract law provided there are such teachers remaining who are *certified and qualified* to replace and perform all of the assigned duties of the teachers who are staff reduced. (emphasis added)

In applying this policy, Board found that while Sutera was certified to handle all the duties of the probationary teacher, he was not qualified to do so. The only reason given to Sutera as to his lack of qualifications was that "on March 23, 1974, the parents of eighteen basketball players appeared at the school board meeting opposing your reemployment as head basketball coach, and that the School Board saw fit not to re-employ you as head basketball coach ...." At trial it became apparent that this rationale was factually incorrect. Sutera had been a very successful head basketball coach at Sully Buttes, taking his team to the State "B" Tournament. He had in fact resigned the head coaching position of his own accord, and he did so after Board offered him a contract to stay on as head coach. He was never fired by Board.

Moreover, the following evidence was produced at trial: 1) Sutera had coaching duties every year he was employed at Sully Buttes, including three years as head basketball coach of the high school team. 2) Sutera had been coach of the junior high boys basketball team for the four years prior to nonrenewal of his contract. 3) The school principal admitted that as coach of the junior high team, Sutera "did a good job ... he knows the game and the students improved as the year went along ...." 4) Sutera is certified to teach all the classes Burgard teaches. 5) Board could have taken away Sutera's responsibilities in the social science area and still kept him as a teacher.

■ We recognize that the question of a teacher's qualifications to do a particular duty should normally be left with the local school boards; courts should not sit as the judge of a teacher's qualifications. Nevertheless, under the particular facts of this case, we must conclude that the trial court did not err in finding that Sutera was qualified to be head basketball coach. The *only* rationale given by Board as to Sutera's qualifications was obviously in error; absent that rationale, there is nothing to show that Sutera is unqualified for the job, while there is significant evidence that he truly is qualified. Board's decision was based on an error of fact. That being the case, Board is compelled by its own regulations to renew Sutera's contract rather than the contract of a probationary teacher.

The judgment is affirmed.

All the Justices concur.