■ HANOVER INSURANCE COMPANY, Respondent, v CATHERINE DeMATO et al., Respondents, and GARY McGREEVY, Appellant.—In an action by an insurer for a judgment declaring the right to disclaim liability under a policy of automobile liability insurance, the defendant Gary McGreevy appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Nassau County (Roberto, J.), entered March 31, 1987, as granted the plaintiff's motion for summary judgment and denied McGreevy's cross motion for summary judgment and (2) so much of an order of the same court, entered October 13, 1987, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order entered March 31, 1987 is dismissed, as that order was superseded by the order entered October 13, 1987, made upon reargument; and it is further,

Ordered that the order entered October 13, 1987 is modified by deleting so much thereof as adhered to the provision of the order entered March 31, 1987 which granted the plaintiff's motion for summary judgment, vacating that provision of the order entered March 31, 1987, and substituting therefor a provision denying for plaintiff's motion for summary judgment; as so modified, the order entered October 13, 1987 is affirmed insofar as appealed from; and it is further,

Ordered that the defendant Gary McGreevy is awarded one bill of costs.

The instant action arose out of a collision which occurred on December 16, 1982, between motor vehicles operated by Gary McGreevy and Catherine DeMato. In a cancellation notice sent on or about November 18, 1982, Hanover Insurance Co. (hereinafter Hanover) notified DeMato that it was canceling her insurance effective December 10, 1982, for nonpayment of premium. In March 1983, McGreevy commenced a negligence action against DeMato. It appears that DeMato neither notified Hanover of the accident nor forwarded the summons and complaint to it. Eventually McGreevy filed an uninsured motorist claim with his own insurance company which in turn contacted Hanover to determine if DeMato was insured by it on the day of the accident. In a letter dated June 18, 1984, Hanover informed DeMato and the other interested parties

that it was disclaiming liability based on the fact that DeMato's insurance policy had been canceled six days prior to the accident.

In September 1984, McGreevy's insurer sought an order staying arbitration on McGreevy's uninsured motorist claim, alleging that there were questions as to whether Hanover had effectively canceled DeMato's insurance. Ultimately a hearing was held and it was determined that because of certain improprieties in the form of the notice, DeMato's insurance had not been properly canceled and that therefore she was insured as of the date of the accident. Thereafter Hanover commenced the instant action for a declaration of its right to disclaim liability as a result of DeMato's failure to cooperate with it in investigating and defending the McGreevy claim. In moving for summary judgment Hanover submitted an affidavit from one of its employees alleging that DeMato had not reported the accident and had not responded to the phone calls or letters from the insurer. An affidavit from a private investigator revealed that on January 22, 1986, he drove to DeMato's address in West Islip and was informed by DeMato's mother that she had moved out about two years before and might be living in Virginia. The Supreme Court granted summary judgment to Hanover, finding that DeMato's conduct "amply demonstrated her total failure to cooperate" and that her conduct was "unexcused and willful". We reverse.

An insurer who seeks to disclaim liability based on lack of cooperation of the insured faces a heavy burden since the defense frustrates the public policy that innocent victims of automobile accidents be compensated for their injuries *(see, Thrasher v United States Liab. Ins. Co.,* 19 NY2d 159, 168). "[T]he insurer must demonstrate (1) that it acted diligently in seeking to bring about the insured's cooperation, (2) that the efforts employed by the insurer were reasonably calculated to obtain the insured's cooperation, and (3) that the attitude of the insured, after his cooperation was sought, was one of willful and avowed obstruction *(see, Thrasher v United States Liab. Ins. Co.,* 19 NY2d 159, 168-169)" *(Matter of Statewide Ins. Co. v Ray,* 125 AD2d 573).

Based on the motion papers submitted by Hanover there are clear questions of fact as to whether the insurer's actions to secure DeMato's cooperation were "diligent" and were "reasonably calculated to obtain [her] co-operation" *(Thrasher v United States Liab. Ins. Co., supra,* at 168; *Van Opdorp v Merchants Mut. Ins. Co.,* 55 AD2d 810; *Alexander v Stone,* 45 AD2d 216). DeMato's initial failure to report the accident may

have been induced by Hanover's notice of cancellation *(see, Ferguson v Utica Mut. Ins. Co.,* 96 AD2d 692). Moreover, her failure to respond to Hanover's phone calls and letters is not, in and of itself, proof of an attitude of willful and avowed obstruction *(see, Matter of Empire Mut. Ins. Co. [Stroud],* 43 AD2d 931) especially where, as here, there is evidence that she was no longer living at the address to which the inquiries were made. Mollen, P. J., Brown, Rubin and Kooper, JJ., concur.