1997 SD 27

**Dan SUTERA, Appellant,**

**v.**

**SULLY BUTTES SCHOOL DISTRICT 58–2 and Sully Buttes School Board, Appellees.**

No. 19627.

Supreme Court of South Dakota.

Considered on Briefs Jan. 16, 1997.

Decided March 19, 1997.

---

Robin J. Stroup, South Dakota Education Assocation, Pierre, for Appellant.

Deming Smith of Davenport, Evans, Hurwitz & Smith, Sioux Falls, for Appellees.

MILLER, Chief Justice.

[¶ 1] Teacher Dan Sutera appeals the circuit court's decision affirming the Sully Buttes Board of Education's decision not to renew his teaching contract for the 1995–1996 school year. We affirm.

[¶ 2] Sutera taught in the Sully Buttes School District for twenty-four years. During the 1994–1995 school year, he was a full-time, tenured social studies teacher. Dale Schuett and Curt Strande also taught social studies in the school district during the 1994–1995 school year.

[¶ 3] On February 13, 1995, the school board unanimously voted to switch the school district's curriculum to a kindergarten through sixth grade elementary school and a junior and senior high school curriculum format for the 1995–1996 school year.[1] As a result of this change, a reduction in force was required. In particular, under the new curriculum format, only two social studies teachers were needed; one to teach government, geography, eighth-grade science and psychology, and another to teach world history, seventh-grade social science and American history.

[¶ 4] An administrative review team performed a review of all staff pursuant to the school district's reduction in force (RIF) policy and initially determined that a probationary teacher should be staff reduced. The review team determined no part-time positions could be eliminated because of the unavailability of other teachers to perform the duties of these teachers. The team then reviewed the three social studies teachers to determine which of the positions should be eliminated. This review consisted of awarding each teacher points for each of the five criteria listed in the RIF policy. Schuett received the highest point total, while Sutera

---

1. Prior to the adoption of the new curriculum, the school district used a kindergarten through fourth grade elementary school, a fifth through eighth grade middle school, and a ninth through twelfth grade high school curriculum format.

and Strande received the same number of points.[2] Pursuant to paragraph D of the RIF policy, the tie between Sutera and Strande was decided by the administrative recommendation in favor of Strande, and Sutera's position was eliminated.

[¶ 5] On February 27, 1995, Sutera received notice of Superintendent Froke's intention to recommend his nonrenewal based on the administrative review of Schuett, Strande and Sutera. Pursuant to SDCL 13–43–9.1, Sutera requested an informal conference with the superintendent.[3] At this conference, Sutera orally proposed that the school board reduce Tanya Yackley, a part-time teacher who taught two sections of Spanish, and Claire Martin, a part-time probationary teacher who taught high school business education, law and economics and accounting. His proposal included reassigning Yackley and Martin's teaching responsibilities between Sutera, Schuett and Strande, thereby removing the need to eliminate a tenured teacher's position and keeping with the spirit of the continuing contract laws. Sutera made this oral proposal on March 15, 1995, the last day to give notice to employees who might be affected by RIF procedures.[4]

[¶ 6] Sutera's proposal was rejected and the school board voted to adopt the superintendent's recommendation to eliminate Sutera's position. He submitted a written request for a hearing before the school board on March 20, 1995, and a hearing was held on March 29, 1995. On May 8, 1995, the school board upheld its original decision to eliminate Sutera's position. The school board's decision was based on the unavailability of other certified and qualified teachers to perform the duties of Yackley and Martin and the passage of the March 15th deadline for giving notice to staff affected by a staff reduction. Pursuant to SDCL 13–46–1, Sutera filed an appeal with the circuit court and a trial *de novo* was held on November 21, 1995. The circuit court determined the school board followed the prescribed procedures for a RIF and affirmed its decision to eliminate Sutera's position. Sutera appeals.

[¶ 7] Our review of a school board's decision concerning whether to renew a teacher's contract is limited. *Schaub v.*

2. Schuett was awarded three points for education (he had the most graduate hours in excess of a bachelor's degree), three points for evaluation (he ranked highest in the evaluation procedure), two points for certification (he was the only teacher certified to teach all of the subjects required by the new curriculum format), two points for seniority (he had fifteen years of employment with the school district) and two points for the administrative recommendation (he ranked second among the three candidates based on the administrative recommendation) for a total of twelve points.

Strande was awarded one point for education (he had the least graduate hours in excess of a bachelor's degree), two points for evaluation (he ranked second in the evaluation procedure), one point for certification, one point for seniority (he had three years of employment with the school district) and three points for the administrative recommendation (he ranked first among the three candidates based on the administrative recommendation) for a total of eight points.

Strande was also awarded a "bonus" point for the wrestling endorsement on his teaching certificate. The district also required the services of a wrestling coach. This "bonus" point was not included in Strande's final point total.

Sutera was awarded two points for education (he had the second highest graduate hours in excess of a bachelor's degree), one point for evaluation (he ranked third in the evaluation procedure), one point for certification, three points for seniority (he had twenty-four years of employment with the district) and one point for the administrative recommendation (he ranked third among the three candidates based on the administrative recommendation) for a total of eight points.

3. SDCL 13–43–9.1 allows the affected teacher an informal conference with the superintendent or board following the receipt of notice of nonrenewal and provides, in pertinent part:

The board, or if applicable the superintendent or other administrator, shall, as soon as practicable and upon written request of the teacher, make available to the teacher for review his personal evaluation file, advise him in writing of the reasons on which the intention not to renew or not to recommend for renewal is based, and afford the teacher an informal, private conference before the board, or, if applicable, before the superintendent or other administrator.

4. Sutera submitted the proposal in written form at a later date. Sutera's proposal was officially rejected because it would not have provided a certified and qualified teacher for the Spanish or accounting classes and the date for giving notice of intent to nonrenew had passed, preventing the school board from considering the nonrenewal of Yackley and Martin.

*Chamberlain Bd. of Educ.,* 339 N.W.2d 307, 310 (S.D.1983); *Schnabel v. Alcester School Dist. No. 61–1,* 295 N.W.2d 340, 341 (S.D. 1980). SDCL 13–46–6 provides for a trial *de novo* of a school board's decision. However, the circuit court's review is not a trial *de novo* in the ordinary sense of the phrase. *Tschetter v. Doland Bd. of Educ.,* 302 N.W.2d 43, 45 (S.D.1981). School boards are creatures of the legislature and the judiciary may not interfere with their decisions unless the decision is made contrary to law. *Id.;* *Moran v. Rapid City Area School Dist.,* 281 N.W.2d 595, 598 (S.D.1979). Therefore, "[a]s long as the school board is legitimately and legally exercising its administrative powers, the courts may not interfere with nor supplant the school board's decision making process." *Sutera v. Sully Buttes Bd. of Educ.,* 351 N.W.2d 457, 458–59 (S.D.1984). Only the legality of the decision, not the propriety of the decision, may be reviewed by the courts. *Moran,* 281 N.W.2d at 599.

[¶ 8] The legality of a school board's decision is determined by a two-prong review. First, the procedural regularity of the decision is reviewed. This review includes whether the school board was vested with the authority to act and whether all procedural requirements required by law were followed. *Id.* Second, the school board's decision is reviewed to determine whether the decision was arbitrary, capricious or an abuse of discretion. *Tschetter,* 302 N.W.2d at 45–46. The circuit court may reverse or modify the school board's decision only "if substantial rights of appellant have been prejudiced because the board's findings, inferences, conclusions, or decisions are clearly erroneous in light of the entire evidence in the record, or are arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion." *Id.* at 46. Our review of the record indicates both prongs have been met.

[¶ 9] Under the clearly erroneous standard, the question is not whether the court would have made the same decision, but whether, after a review of the entire record, the court is left with a definite and firm conviction a mistake was committed. *Strain v. Rapid City School Bd.,* 447 N.W.2d

332, 338 (S.D.1989). Our scope of review of the facts is ordinarily the same as that of the circuit court. *Id.* There is no presumption that the circuit court's decision is correct. *Moran,* 281 N.W.2d at 598. However, our scope of review is limited by an appellant's failure to properly preserve an issue for our complete review. *See In re Estate of Chilton,* 520 N.W.2d 910, 914 (S.D.1994). Appeals in school board matters must be "perfected, heard, and determined as other appeals in civil cases." SDCL 13–46–7. In civil cases, SDCL 15–6–52(a) requires the trial court to enter findings of fact and conclusions of law in all actions not tried before a jury. " 'The failure of an appellant to object to findings of fact and conclusions of law or to propose his or her own findings, limits review to the question of whether the findings support the conclusions of law and judgment.' " *Premier Bank, N.A. v. Mahoney,* 520 N.W.2d 894, 895 (S.D.1994) (quoting *Huth v. Hoffman,* 464 N.W.2d 637, 638 (S.D. 1991)).

[¶ 10] In the instant case, Sutera failed to object to the trial court's findings of fact and conclusions of law or to propose his own findings of fact and conclusions of law. Having not properly challenged the findings of fact and conclusions of law below, Sutera is not now entitled to the review normally afforded appeals of school board decisions. Instead, our review is limited to determining whether the findings support the conclusions and judgment. *Karras v. Alpha Corp.,* 528 N.W.2d 397, 401 (S.D.1995). Here, the trial court's findings of fact clearly support its conclusion that the Board's decision to eliminate Sutera's position was a legitimate and legal exercise of its authority.

[¶ 11] Accordingly, the trial court's decision is affirmed.

[¶ 12] SABERS, AMUNDSON, KONENKAMP and GILBERTSON, JJ., concur.