#24422-a-DG

**2007 SD 133**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

In the Matter of the Estate of
CONNIE L. PALMER,
Deceased.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE FIRST JUDICIAL CIRCUIT
DAVISON COUNTY, SOUTH DAKOTA

\* \* \* \*

HONORABLE GLEN W. ENG
Judge

\* \* \* \*

JONATHAN K. VAN PATTEN
Vermillion, South Dakota
and
DAVID NATVIG of
Natvig Law Office
Kimball, South Dakota                    Attorneys for appellant,
                                         Linda Wieser.


CHRIS A. NIPE of
Larson and Nipe
Mitchell, South Dakota                   Attorneys for appellee
                                         Larry Hoeffner.

\* \* \* \*

CONSIDERED ON BRIEFS
ON NOVEMBER 6, 2007

OPINION FILED **12/26/07**

GILBERTSON, Chief Justice

[¶1.]         On July 10, 2007, Linda L. Wieser (Linda) filed an application in the South Dakota First Judicial Circuit Court for informal probate and appointment of personal representative, in connection with the estate of her deceased sister, Connie L. Palmer (Connie).  With the application, Linda submitted a will dated March 21, 2000 and an alleged codicil dated January 23, 2006.  On July 24, 2006, Connie's husband, Larry G. Hoeffner (Larry), filed a petition for intestacy, appointment of heirs and appointment of personal representative.  The circuit court entered findings of fact, conclusions of law and judgment for Larry.  We affirm.

## FACTS AND PROCEDURE

[¶2.]         Connie and Larry were married for a period of time in the 1980s and later divorced.  The two remarried on May 1, 2005.  A short time after their re-marriage, Connie was diagnosed with cancer.  She died on March 6, 2006.

[¶3.]         After Connie's death, her sister Linda presented a will for probate that Connie executed on March 21, 2000.  Larry was not mentioned in the will, which will left everything to Linda.[1]  Connie had not executed a will subsequent to her marriage to Larry.  While Larry did not contest the will's validity, he asserted that their re-marriage in 2005 rendered the will ineffective, and that Connie's estate should therefore be distributed according to intestacy statutes.[2, 3]

---

1.      Connie had no surviving children.  Her son died in 1993.  However, she had three siblings – Linda, Harry Palmer and Rick Palmer.

2.      SDCL 29A-2-301 provides in pertinent part:

(continued . . .)

#24422

[¶4.]     Along with the probate documents, Linda submitted a typewritten

instrument with a typewritten date of January 23, 2006 that Linda alleged to be a

codicil to the March 21, 2000 will.[4]  Linda claimed that Connie signed the alleged

codicil.  The only witness to Connie's signature was Linda.  The alleged codicil

provides as follows:

> IF I AM DECEASED AS THE LAST WILL AND TESTAMENT
> STATES **EVERYTHING IS ABSOLUTELY MY SISTERS**
> (sic) (LINDA L. WIESER.)  LARRY HOEFFNER <u>WILL NOT</u>
> BE ALLOWED TO REMAIN OR TO STAY IN THIS HOUSE.
> HE HAS A REASONABLE AMOUNT OF TIME TO GATHER
> HIS PERSONAL BELONGINGS AND TO LEAVE.  2 OR 3
> MONTHS.  <u>3 MONTHS AT THE ABSOLUTE MAXINUM</u>.
> (sic)  AT THE TIME OF HIS DEPARTURE HE MUST GIVE
> TO MY SISTER (LINDA L. WIESER) HIS HOUSE KEYS
> AND THE GARAGE DOOR OPENERS WHICH I PURCHASED.
> THE HOME MUST BE LEFT CLEAN OR HE IS
> RESPONSIBLE FOR LEAVING MY SISTER MONIES (sic) TO
> HAVE IT CLEANED.  I WANT THE GARAGE AS CLEAN
> AS THE HOUSE WHICH IT WAS WHEN HE MOVED HIS
> BELONGINGS IN.

(First emphasis added, subsequent emphases original).

---

(. . . continued)

> A testator's surviving spouse who married the testator after the execution of
> the testator's will is entitled to receive, as an intestate share, no less than the
> value of the share of the estate the surviving spouse would have received if
> the testator had died intestate[.]

3.    If the decedent has no surviving descendants, the decedent's surviving spouse
takes the entire intestate estate.  SDCL 29A-2-102.

4.    At the probate hearing held on October 27, 2006, the alleged codicil, offered
by Linda, was admitted as Exhibit "A."

[¶5.] Linda also submitted a document entitled "Instructions in the Event of My Death" (Instructions).[5] The Instructions were not signed.[6] The first page of the Instructions bears the typewritten date, March 25, 2000. However, this date is crossed out and replaced with a hand-written date of "1/20/06."[7] At the October 27, 2006 probate hearing, Linda admitted replacing the typewritten date, but was unable to recall when or for what reason. The Instructions direct as follows:

> NEXT GO TO MITCHELL FORD. I WILL BE EMPOLYED THERE BECAUSE OF THE DISABILITY OF THE CANCER. I HAVE LIFE INSURANCE AT MITCHELL FORD WORTH $10,000.00 AND A QUITE LARGE SAVINGS ACCOUNT WITH NATIONAL AUTO DEALERS ASSOCIATION. LINDA L. WIESER IS THE BENEFICIARY ON THESE ACCOUTNS. **ALL OF THIS MONEY IS LEFT TO LINDA TO DO AS SHE CHOOSES,** ***WHICH I PRAY WILL BE TOTALLY SPENT ON HERSELF ONLY.*** **NEW MUSTANG, PAY OFF GRANDMA'S HOUSE, GO ON VACATION,** ***FUN, FUN THINGS FOR HER TO ENJOY.***

(Emphasis added).

[¶6.] Following the probate hearing, the circuit court entered judgment for Larry along with findings of fact and conclusions of law on December 27, 2006. In its conclusions of law, the court determined that for Larry to show that Connie's

---

5. At the October 27, 2006 probate hearing, the alleged "Instructions" were offered by Linda and admitted as Exhibit "B."

6. The final page of the writing includes Connie's typewritten name and address.

7. The final page indicates yet a third date, typewritten, as the date on which the writing was created, "11th DAY OF JANUARY THE YEAR OF OUR LORD 2006."

March 21, 2000 will was ineffective, he had the burden to prove there had been a marriage, Connie had died, she had executed no will following the date of the marriage and she left no surviving descendants. Since, there was no dispute between the parties in regard to Larry's burden, the circuit court concluded that Larry met the burden.

[¶7.] The circuit court also concluded that Linda had the burden to prove by "clear and convincing evidence" that the alleged, January 23, 2006 codicil was intended by Connie as a new will or an addition to the existing will, reflecting her testamentary intent after the marriage to Larry. The court then concluded that "based on the totality of the evidence, including the witnesses and the documents . . . presented," Linda did not provide "clear and convincing evidence" that the alleged codicil was intended as a new will, an addition to an existing will or that it "reflected the testamentary intent of Connie . . . after her marriage to Larry. . . ."

[¶8.] In support of its conclusions, the circuit court entered findings of fact that the alleged 2006 codicil, while part of the probate documents, was not part of the will. The court found it was typewritten and, while signed by Connie, was witnessed only by Linda. The court noted that Linda was the only person who was present when the document was signed and the only person who was aware of its existence. Moreover, the trial court found it significant that after Connie married Larry she went to an attorney to draw up a power of attorney, but that the services of an attorney were not employed in the drafting or execution of this disputed "will."

[¶9.] The circuit court found that the Instructions admitted as Exhibit "B" were of doubtful validity. In this regard, the court cited the multiple dates, the typewritten, unsigned nature of the Instructions and Linda's admission that she

had altered the date on the first page by changing March 25, 2000 to January 11, 2006. The circuit court also found that Linda's testimony was not credible as to how she came by the will, alleged codicil and Instructions.[8] The court further stated in its findings that various e-mails, submitted by Linda in support of her claim that Connie and Larry were having marital problems and that Connie intended to leave all of her property to Linda, were of questionable validity. Moreover, the court found that Connie's cancer had taken its toll on her and that at the time the alleged codicil was executed, Connie had received chemotherapy, radiation treatments and blood transfusions and was receiving a battery of drugs and medications that included, morphine, magnesium, calcium, lipitor, 1-thyroxine, diltazem, paroxetine, atenolol, alprozolam, atropine, xalatine, MVT, vitamin C, and morphine IR. Conversely, the court found that Larry lived with Connie and took care of her from the date of their marriage until the date of her death and that Connie considered Larry to be "the love of her life."

[¶10.] The circuit court declared Connie's estate intestate and awarded it to Larry. The circuit court also appointed Larry personal representative. Linda concedes that she did not object to the circuit court's findings of fact and conclusions of law, or propose any of her own.

---

8. Linda testified that she found the March 21, 2000 will, alleged, January 23, 2006 codicil and "Instructions" in Connie's safety deposit box on the date of her death, March 6, 2006. Linda, who had a key to the safety deposit box and had signed a signature card, contradicted herself as to whether she had opened the box. At one point she testified that while she had had access to the box for a long time, she had never opened it. At another point she testified that she could not remember whether she had been in the box. At

(continued . . .)

[¶11.]     On appeal Linda raises the following issue:

> Whether the circuit court erred when it concluded that
> Linda failed to present clear and convincing evidence that
> Connie intended the alleged, January 23, 2006 codicil,
> as a new will or an addition to the March 21, 2000 will
> or that it reflected the testamentary intent of Connie after
> her marriage to Larry.

## STANDARD OF REVIEW

[¶12.]     In civil cases the trial court is required to enter findings of fact and conclusions of law in all actions not tried before a jury. SDCL 15-6-52(a). Our standard of review when an appellant fails to object to or propose findings of fact and conclusions of law is narrow and well settled. " 'The failure of an appellant to object to findings of fact and conclusions of law or to propose his or her own findings, limits review to the question of whether the findings support the conclusions of law and judgment.' " Sutera v. Sully Buttes School Dist. 58-2, 1997 SD 27, ¶9, 561 NW2d 20, 23 (quoting Premier Bank, N.A. v. Mahoney, 520 NW2d 894, 895 (SD 1994) (quoting Huth v. Hoffman, 464 NW2d 637, 638 (SD 1991))).

## ANALYSIS AND DECISION

[¶13.]     **Whether the circuit court erred when it concluded that Linda failed to present clear and convincing evidence that Connie intended the alleged, January 23, 2006 codicil, as a new will or an addition to the March 21, 2000 will or that it reflected the testamentary intent of Connie after her marriage to Larry.**

_____

(. . . continued)
    still another point she did not deny opening the box on February 22, 2006 –
    12 days before Connie died.

#24422

[¶14.]	Since Linda failed to propose findings of fact and conclusions of law, she argues that the circuit court erred when it concluded she did not meet the burden of proof necessary for her to have the alleged January 23, 2006 codicil probated.  She does not contest the court's findings nor, as set out in our standard of review, will we consider their validity on this appeal.

[¶15.]	SDCL 29A-2-502 sets out the requirements for a duly executed will. The statute provides in pertinent part:

> (a) A will is valid as a holographic will, whether or not witnessed, if the signature and material portions of the document are in the testator's handwriting.
>
> (b) *A will not valid as a holographic will must be*:
>
>> (1) In writing;
>>
>> (2) Signed by the testator or in the testator's name by some other individual in the testator's conscious presence and by the testator's direction; and
>>
>> (3) *Signed in the conscious presence of the testator by two or more individuals* who, in the conscious presence of the testator, witnessed either the signing of the will or the testator's acknowledgment of that signature.

SDCL 29A-2-502 (emphasis added).

[¶16.]	A writing that does not comply as a duly executed will under SDCL 29A-2-502, may still be treated as duly executed and probated if its **proponent** *can establish by clear and convincing evidence that the decedent intended it as* "(i) *the decedent's will*, (ii) a partial or complete revocation of the will, (iii) *an addition to or an alteration of the will*, or (iv) a partial or complete revival of a formerly revoked will or of a formerly revoked portion of the will."  SDCL 29A-2-503 (emphasis

-7-

added). The ***contestant*** of a will admitted for probate has "the *burden of establishing* lack of testamentary intent or capacity, *undue influence*, *fraud*, *duress*, mistake, or revocation." SDCL 29A-3-407 (emphasis added).

[¶17.] Linda concedes that the alleged codicil was not duly executed since it did not comply with the requirements set out under SDCL 29A-2-502. Linda further concedes that since the alleged codicil did not comply with SDCL 29A-2-502, she, as its proponent, had under SDCL 29A-2-503, the burden to demonstrate by clear and convincing evidence that Connie intended the alleged codicil as a new will or addition to the March 21, 2000 will. However, Linda avers that the circuit court's findings of fact did not provide sufficient support for its conclusion that she failed to meet the burden set forth under SDCL 29A-2-503.

[¶18.] Linda suggests that in this case the burden imposed under SDCL 29A-2-503 required her to establish by clear and convincing evidence that (1) the alleged codicil was authentic; (2) testamentary in character; and (3) that Connie possessed testamentary capacity. Linda argues that authenticity was established by the circuit court's finding that Connie signed the alleged codicil. She then argues that testamentary character was established by the circuit court's finding that the alleged codicil left everything to Linda and directed Larry to vacate the house. Connie then contends that the circuit court entered no finding that Connie lacked testamentary capacity. Linda thus asserts that the circuit court arrived at its conclusion by erroneously "shifting" the opposite of a will contestant's burden under

SDCL 29A-3-407 – *absence of* undue influence, fraud or duress – to her as the proponent of a non-complying will under SDCL 29A-2-503.[9]

[¶19.]    We agree with Linda's assessment of the showing required by a proponent of a non-complying will.  Further, we agree that the circuit court's findings can be read to support the existence of an authentic signature by the decedent.  However, the issue of testamentary capacity is not altogether clear.  The circuit court went into great detail in describing the nature of Connie's final illness, the treatments she was undergoing and the numerous drugs she was taking at the time.  The circuit court found "although she had good days and bad days, she was progressively weakened and was in pain."  Yet, the circuit court stopped short of concluding this deprived her of testamentary capacity.  Nevertheless, remand on this point is unnecessary as the court is clear on Linda's failure in her burden to establish that Connie intended this document to be her last will and testament:

> Based upon the totality of the evidence, including the credibility of the witnesses and the documents that they presented to the court, the court finds as a fact that the documents and other evidence presented by Linda Wieser do not constitute clear and convincing evidence that those documents are intended as a will or an addition to an existing will or reflect the testamentary intent of Connie Palmer after her marriage to Larry Hoeffner.

[¶20.]    The circuit court's conclusions of law and judgment are supported by the underlying findings which stand procedurally unchallenged.  In so holding, we

---

9.    Linda cites *In re Estate of Brooks*, 927 P2d 1024, 1030 (Mont 1996) for the proposition that it is error for the circuit court to require the proponent of a non-complying will to show absence of undue influence, fraud or duress.

#24422

need not address Linda's claim that the circuit court erroneously transferred a burden to show absence of undue influence, fraud or duress.

[¶21.]    Affirmed.

[¶22.]    SABERS, KONENKAMP, ZINTER, and MEIERHENRY, Justices, concur.