■ In the Matter of STATEWIDE INSURANCE COMPANY, Appellant, v WILLIAM RAY, JR., et al., Respondents.—In a proceeding pursuant to CPLR article 75 to stay arbitration, the petitioner Statewide Insurance Company appeals from an order of the Supreme Court, Nassau County (Robbins, J.), entered October 1, 1985, which denied the application.

Ordered that the order is reversed, with costs, and that branch of the petitioner Statewide Insurance Company's petition which sought a stay of arbitration is granted.

For an insurer to disclaim its liability to its insured on the ground of lack of cooperation, the insurer must demonstrate (1) that it acted diligently in seeking to bring about the insured's cooperation, (2) that the efforts employed by the insurer were reasonably calculated to obtain the insured's cooperation, and (3) that the attitude of the insured, after his cooperation was sought, was one of willful and avowed obstruction *(see, Thrasher v United States Liab. Ins. Co.,* 19 NY2d 159, 168-169). Even assuming that the hearsay testimony adduced at the trial by witnesses Mauro and Kunstler

was admissible to demonstrate diligence, Allstate has failed to establish a right to disclaim.

The record reveals that there was insufficient proof of all three *Thrasher* prongs. Allstate Insurance Company failed to establish that it was sufficiently diligent *(see, Alexander v Stone,* 45 AD2d 216; *Wallace v Universal Ins. Co.,* 18 AD2d 121, *affd* 13 NY2d 978), or that its efforts were reasonably calculated to obtain its insured's cooperation *(see, Coleman v National Grange Mut. Ins. Co.,* 28 AD2d 1073, 1074, *affd* 23 NY2d 836; *National Grange Mut. Ins. Co. v Lococo,* 20 AD2d 785, *affd* 16 NY2d 585). Further, the nonaction of the insured, which is the only factual basis in this case, cannot in this instance be escalated into a finding of " 'willful and avowed obstruction' " *(Thrasher v United States Liab. Ins. Co., supra,* at p 168; *Matter of Empire Mut. Ins. Co. [Stroud—Boston Old Colony Ins. Co.],* 36 NY2d 719, 721-722).

In view of our resolution of the disclaimer issue, there is no need to reach the other contentions of the petitioner. Mangano, J. P., Bracken, Kunzeman and Spatt, JJ., concur.