■ STATE FARM FIRE AND CASUALTY COMPANY, Respondent, v JOHN L. IMERI et al., Defendants, and MELEK BITIC, Appellant.—In an action for a judgment declaring that the plaintiff State Farm Fire and Casualty Company is entitled to disclaim coverage for any liability in an underlying action entitled *Bitic v Imeri* pending in the Supreme Court, Queens County, under a certain fire insurance policy issued to the defendant John L. Imeri, Melek Bitic, the plaintiff in the underlying action and a defendant in this action, appeals from a judgment of the Supreme Court, Queens County (LeVine, J.), dated March 5, 1990, which granted the requested declaration.

Ordered that the judgment is affirmed, with costs.

In order to disclaim coverage on the ground of lack of cooperation, the insurance carrier must demonstrate (1) that it acted diligently in seeking to bring about the insured's cooperation, (2) that the efforts employed by the insurer were reasonably calculated to obtain the insured's cooperation, and (3) that the attitude of the insured, after his cooperation was sought, was one of willful and avowed obstruction *(see, Thrasher v United States Liab. Ins. Co.,* 19 NY2d 159, 168-169). While the *Thrasher* standard places a heavy burden upon the carrier *(Matter of Empire Mut. Ins. Co. [Stroud],* 36 NY2d 719, 721), the record amply supports a finding of willful obstruction on the part of the insured.

In this instance, representatives of State Farm Fire and Casualty Company (hereinafter State Farm) undertook diligent efforts which were reasonably calculated to locate the missing insured and bring about his cooperation *(cf., Matter of Statewide Ins. Co. v Ray,* 125 AD2d 573). In addition to

numerous telephone calls and personal visits to the insured's last known residence and business addresses, State Farm representatives undertook searches of the records of Department of Motor Vehicles in New York and its counterpart in Texas, conducted post office and prison index inquiries, canvassed several establishments in the area of the insured's former place of business, personally questioned a former employer, and, pursuing a lead that the insured had been issued a traffic ticket in Michigan, contacted Michigan authorities.

Furthermore, the evidence supports the conclusion that the insured willfully obstructed State Farm's defense of the underlying litigation. By verbal instruction and written correspondence the insured was made fully aware of his contractual obligation to cooperate in defending the litigation. Indeed, the insured's receipt of State Farm's written correspondence is evidenced by a signed, United States Postal Service return receipt, as well as the testimony of a State Farm claims representative who engaged in several post-accident conversations with the insured (cf., Matter of Empire Mut. Ins. Co. [Stroud], 36 NY2d 719, supra; cf., Hanover Ins. Co. v DeMato, 143 AD2d 807). Under these circumstances, the continued absence of the insured, despite diligent efforts reasonably calculated to obtain his cooperation, is sufficient to carry the inference of willful obstruction (see, e.g., Campbell v Travelers Ins. Co., 35 AD2d 362, 364-365, affd 33 NY2d 667). Bracken, J. P., Rosenblatt, Miller and O'Brien, JJ., concur.