■ PAWTUCKET MUTUAL INSURANCE COMPANY, Appellant-Respondent, v BLANCA N. SOLER et al., Defendants, and OLGA GARCIA, Individually and as Parent and Natural Guardian of DAVID GARCIA, an Infant, et al., Respondents-Appellants.—In an action for judgment declaring that the plaintiff is entitled to disclaim its coverage obligations under an insurance policy issued to the defendants Blanca Nubia Soler and Bernardo Soler for accidents which occurred in June and July of 1985, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Kutner, J.), dated June 18, 1990, as denied its cross motion for summary judgment, and the defendants Olga Garcia and the defendants Harry John Schroeder, an infant by his father and natural guardian Harry L. Schroeder, and Harry L. Schroeder individually, separately cross-appeal from stated portions of the same order as, *inter alia,* denied Olga Garcia's motion for summary judgment and denied the Schroeder defendants' cross motion for summary judgment.

Ordered that the order is modified, on the law, by deleting the provisions thereof which denied the respective motion by Olga Garcia and cross motion of the Schroeder defendants for summary judgment dismissing the complaint and all cross claims as asserted against them, and substituting therefor provisions granting their respective motion and cross motion; as so modified, the order is affirmed, with one bill of costs payable by the appellant-respondent to the respondents-appellants appearing separately and filing separate briefs, and the

matter is remitted to the Supreme Court, Nassau County, for entry of a judgment declaring that the plaintiff may not disclaim its coverage obligations under an insurance policy issued to Blanca Nubia Soler and Bernardo Soler for accidents which occurred in June and July of 1985.

In order to disclaim coverage on the ground of an insured's lack of cooperation, the carrier must demonstrate (1) that it acted diligently in seeking to bring about the insured's cooperation, (2) that the efforts employed by the insurer were reasonably calculated to obtain the insured's cooperation, and (3) that the attitude of the insured, after his cooperation was sought, was one of willful and avowed obstruction *(see, Thrasher v United States Liab. Ins. Co.,* 19 NY2d 159, 168-169). While the record herein supports a finding that the carrier acted diligently in efforts reasonably calculated to obtain the cooperation of the insureds, the carrier has not demonstrated that the insureds' absence evinced an attitude of willful and avowed obstruction *(cf., State Farm Fire & Cas. Co. v Imeri,* 182 AD2d 683).

Moreover, in lieu of a post-claim communication in which the insureds were apprised of their continuing obligation to cooperate, the insureds' unexplained absence despite diligent efforts reasonably calculated to obtain their cooperation is not sufficient to raise the inference of willful noncooperation *(cf., Campbell v Travelers Ins. Co.,* 35 AD2d 362, *affd* 33 NY2d 667). Under the circumstances herein, the insureds could reasonably have believed they fulfilled their obligation to cooperate when they answered questions posed during an investigator's fact-finding interview. Absent compelling evidence which established that the insureds knew they were to further participate in the defense, they cannot be accused of willful obstruction *(see, Thrasher v United States Liab. Ins. Co., supra).* Indeed, contrary to the carrier's contention, the mere nonaction of the insureds, by itself, will not justify the disclaimer of coverage *(see, e.g., Matter of Empire Mut. Ins. Co. [Stroud],* 36 NY2d 719; *Hanover Ins. Co. v DeMato,* 143 AD2d 807; *Matter of Statewide Ins. Co. v Ray,* 125 AD2d 573). Balletta, J. P., Rosenblatt, Miller and O'Brien, JJ., concur.