■ PHYLLIS NIELSEN, Respondent-Appellant, v TRAVELERS INSURANCE COMPANY et al., Defendants, and PHYSICIANS RECIPROCAL INSURERS, Appellant-Respondent. [624 NYS2d 912] —In an action for a judgment declaring, *inter alia,* the rights of the parties under an insurance policy, the defendant Physicians Reciprocal Insurers appeals from so much of an order of the Supreme Court, Nassau County (Burke, J.), entered August 26, 1993, as denied its motion for summary judgment dismissing the complaint insofar as it is asserted against it and the plaintiffs cross-appeal from so much of the same order as denied their motion for summary judgment declaring that Physicians Reciprocal Insurers is required to defend and indemnify them in an underlying medical malpractice action.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

We agree with the Supreme Court that a question of fact has been raised as to whether the plaintiff-insured demanded coverage from the defendant-insurer "as soon as practicable" as is required by the insurance policy *(see, Mighty Midgets v Centennial Ins. Co.,* 47 NY2d 12; *Security Mut. Ins. Co. v Acker-Fitzsimons Corp.,* 31 NY2d 436; *Farmers Fire Ins. Co. v Brighton,* 142 AD2d 547; *Columbus Trust Co. v Hanover Ins. Co.,* 50 AD2d 798). However, contrary to the plaintiffs' arguments, the defendant-insurer issued a disclaimer "as soon as was reasonably possible" given, *inter alia,* the age of the policy at issue and its limited scope of coverage *(Norfolk & Dedham Mut. Fire Ins. Co. v Petrizzi,* 121 AD2d 276, 277).

Lawrence, J. P., Ritter, Friedmann and Krausman, JJ., concur.