■ UTICA MUTUAL INSURANCE COMPANY, Respondent, v JAMES GRUZLEWSKI et al., Defendants, and MASOUD REJAEE, Doing Business as HORIZON PARTNERSHIP, Appellant. (Appeal No. 1.) [630 NYS2d 955] —Judgment unanimously affirmed without costs. Same Memorandum as in *Utica Mut. Ins. Co. v Gruzlewski* (217 AD2d 903 [decided herewith]). (Appeal from Judgment of Supreme Court, Oneida County, Murad, J.—Default Judgment.) Present—Denman, P. J., Lawton, Wesley, Balio and Boehm, JJ.

■ UTICA MUTUAL INSURANCE COMPANY, Respondent, v JAMES GRUZLEWSKI et al., Defendants, and MASOUD REJAEE, Doing Business as HORIZON PARTNERSHIP, Appellant. (Appeal No. 2.) [630 NYS2d 826] —Judgment unanimously affirmed without costs. Memorandum: Supreme Court properly granted summary judgment to plaintiff insurer on the ground of lack of cooperation of its insured. The record shows that representatives of plaintiff undertook efforts that were reasonably calculated to bring about the cooperation of the insured *(see, e.g., State Farm Fire & Cas. Co. v Imeri,* 182 AD2d 683, 684). Despite those efforts, the insured willfully obstructed plaintiff's defense of the underlying litigation by refusing to turn over documents and failing to appear at an examination before trial or court-ordered pretrial/settlement conferences. Indeed, orders of preclusion were granted against the insured and he was held in contempt of court. That evidence establishes that the attitude of the insured, after his cooperation was sought, was one of "willful and avowed obstruction" *(State Farm Fire & Cas. Co. v Imeri, supra,* at 683; *see, 304 Meat Corp. v New York Prop. Ins. Underwriting Assn.,* 188 AD2d 382; *Pioneer Food Stores Coop. v Federal Ins. Co.,* 169 AD2d 430, 431; *Evans*

*v International Ins. Co.,* 168 AD2d 374). Plaintiff, therefore, met its heavy burden of showing lack of cooperation of its insured *(see generally, Thrasher v United States Liab. Ins. Co.,* 19 NY2d 159, 168-169). Contrary to the assertion of defendant Horizon, plaintiff is not required to show prejudice as a result of the lack of cooperation of its insured to be entitled to summary judgment *(see, Coleman v New Amsterdam Cas. Co.,* 247 NY 271, 276-277; *Atlantic Mut. Ins. Co. v Struve,* 210 AD2d 112, *lv denied* 85 NY2d 803; *National Grange Mut. Liab. Co. v Fino,* 13 AD2d 10, 13; *United States Fid. & Guar. Co. v von Bargen,* 7 AD2d 872, 873, *affd* 7 NY2d 932).

We have reviewed the remaining contentions of defendant and conclude that they are without merit. (Appeal from Judgment of Supreme Court, Oneida County, Murad, J—Declaratory Judgment.) Present—Denman, P. J., Lawton, Wesley, Balio and Boehm, JJ.