■ COMMERCIAL UNION INSURANCE COMPANY, Respondent, v ANDREW BURR, SR., et al., Appellants. (And Another Action.) [641 NYS2d 69] —In an action for a judgment declaring that the plaintiff is entitled to disclaim coverage for any liability in an underlying action entitled *Burr v Burr* (Index No. 5332/89) pursuant to the terms of a policy of insurance issued to the defendant Andrew Burr, Sr., (1) the defendant Andrew Burr, Sr., appeals from a judgment of the Supreme Court, Nassau County (Brucia, J.), dated September 12, 1994, which, after a nonjury trial, *inter alia,* declared that the plaintiff carrier had no duty to defend or indemnify him in the underlying action, and (2) the defendant Andrew Burr, Jr., separately appeals from the

same judgment and a decision of the same court, dated August 2, 1994.

Ordered that the appeal of the defendant Andrew Burr, Jr., from the decision dated August 2, 1994, is dismissed, without costs or disbursements, as no appeal lies from a decision (see, *Schicchi v Green Constr. Corp.*, 100 AD2d 509); and it is further,

Ordered that the judgment is reversed, on the law and the facts, without costs or disbursements, and it is declared that the plaintiff carrier is obligated to defend and indemnify the defendant Andrew Burr, Sr., in the underlying action entitled *Burr v Burr* (Index No. 5332/89) pursuant to the terms of the policy of insurance issued to the defendant Andrew Burr, Sr.

It is well settled that in order to disclaim coverage on the ground of an insured's lack of cooperation, the carrier must demonstrate that (1) it acted diligently in seeking to bring about the insured's cooperation, (2) the efforts employed by the carrier were reasonably calculated to obtain the insured's cooperation, and (3) the attitude of the insured, after his cooperation was sought, was one of willful and avowed obstruction (see, *Thrasher v United States Liab. Ins. Co.*, 19 NY2d 159, 168-169; *State Farm Fire & Cas. Co. v Imeri*, 182 AD2d 683). To this end, the plaintiff carrier, Commercial Union Insurance Company (hereinafter Commercial Union), was required to sustain the very heavy burden of demonstrating that the insured's alleged failure to cooperate was deliberate (see, *Mount Vernon Fire Ins. Co. v 170 E. 106th St. Realty Corp.*, 212 AD2d 419). Commercial Union failed to meet this burden in the present case.

The record supports a finding that Commercial Union undertook diligent efforts which were reasonably calculated to bring about the insured's cooperation (see, e.g., *State Farm Fire & Cas. Co. v Imeri, supra*) inasmuch as it attempted to contact the insured, personally and by mail, on numerous occasions over a period of several months, and even retained the services of a private investigation firm for this purpose. However, the report prepared by the private investigation firm, which was properly admitted into evidence, demonstrates that the insured did in fact timely respond to the final notice sent by Commercial Union, provided an explanation for his previous unavailability, and pledged his full cooperation with the investigation. Given these circumstances, Commercial Union could not disclaim coverage even if we were to accept its dubious contention that the insured's previous unexplained failure to respond constituted compelling evidence of willful and delib-

erate noncooperation (*see generally, Matter of Empire Mut. Ins. Co. [Stroud],* 36 NY2d 719; *Thrasher v United States Liab. Ins. Co., supra; Pawtucket Mut. Ins. Co. v Soler,* 184 AD2d 498; *Hanover Ins. Co. v DeMato,* 143 AD2d 807; *Matter of Statewide Ins. Co. v Ray,* 125 AD2d 573).

Additionally, contrary to the contention of the appellant Andrew Burr, Jr., the judgment appealed from does not contain any provision dismissing or otherwise disposing of the underlying negligence action. Balletta, J. P., Sullivan, Joy and Krausman, JJ., concur.