■ JEAN C. LEVY, Respondent, v CHUBB INSURANCE, Appellant, et al., Defendants. [659 NYS2d 266] —Order, Supreme Court, New York County (Norman Ryp, J.), entered September 11, 1996, which, *inter alia,* granted the motion of defendant-appellant Vigilant Insurance Company (sued herein as Chubb Insurance) for summary judgment unless plaintiff, on or before October 15, 1996, either supplied a written statement as to the facts surrounding the loss or appeared for and submitted to an examination under oath as required by the subject insurance policy, unanimously modified, on the law, defendant-appellant's motion granted unconditionally and the complaint dismissed as against Vigilant, and as so modified, the order is affirmed, without costs. The Clerk is directed to enter judgment dismissing the complaint herein against Vigilant Insurance Company (sued herein as Chubb Insurance).

The plaintiff insured claims that, on or around April 18, 1994, a company he hired to move some of his belongings from his Manhattan apartment to a storage facility in New Jersey damaged his furniture and lost four paintings.

On July 19, 1994, five days after the receipt of the plaintiff's claim, Vigilant's investigator sent him a letter requesting, among other things, a statement of facts surrounding the loss, police reports and a listing of the paintings with replacement cost estimates. Plaintiff failed to respond to this request or to a follow-up letter of September 22, 1994 requesting a response within 30 days.

After almost a year of unexplained delay, plaintiff provided some of the necessary information on May 11, 1995, but omitted a statement of facts and police reports. Thereafter, a general adjuster retained by Vigilant fared little better. Although

the plaintiff did provide a written estimate of what it would cost to repair the damaged furniture, he still did not provide documentation regarding the date of his notice to the moving company, the mover's bill of lading and manifest, or the contract with the New Jersey storage facility.

With respect to the four allegedly missing paintings, plaintiff merely provided a handwritten note from the owner of the gallery in Haiti from which he allegedly purchased the paintings that, on its face, raised more questions than it answered, and photographs of the paintings and articles that purportedly document the paintings' value. Neither plaintiff nor the seller, who was also contacted directly, provided any proof of the alleged cash payment for the paintings.

Defendant Kelly, a Chubb employee acting on behalf of Vigilant, thereupon unsuccessfully attempted to schedule an interview to obtain a recorded statement from plaintiff. Plaintiff telephoned Mr. Kelly, objecting to his written request for such an interview, and refused to commit to whether he would attend such an interview. Vigilant's attorneys thereupon wrote to plaintiff, formally requesting that he appear at an examination under oath and bring certain specified documents, as is Vigilant's right under the policy. Plaintiff's attorney responded that his client had filed suit on the day of the letter and would not appear on the date scheduled for examination under oath.

The willful failure of an insured to submit to an examination under oath and to supply all relevant material in compliance with the provisions of an insurance policy has been held to constitute a material breach of contract, and to preclude recovery (*Lentini Bros. Moving & Stor. Co. v New York Prop. Ins. Underwriting Assn.*, 53 NY2d 835; *Evans v International Ins. Co.*, 168 AD2d 374).

Willful noncooperation has been found to exist when there is a pattern of noncompliance for which no reasonable excuse can be offered (*see, Argento v Aetna Cas. & Sur. Co.*, 184 AD2d 487, 488), or where the failure to cooperate is persistent (*304 Meat Corp. v New York Prop. Ins. Underwriting Assn.*, 188 AD2d 382). While the insurer's burden of proving willfulness is a heavy one (*supra*), plaintiff's conduct was persistent and the excuses offered on appeal are not reasonable. The 18-month pattern of noncooperation and unexplained delay was clearly persistent and unreasonable. Plaintiff's contention that he substantially complied with Vigilant's demands is not supported by the record and, when the company ·sought to examine him under oath as the policy clearly allowed it to do, he

refused to comply and instead filed suit. The failure to attend such as an examination has been held to be an absolute defense (*Lentini Bros. Moving & Stor. Co. v New York Prop. Ins. Underwriting Assn., supra*).

Plaintiff's belated explanation for his actions, that he believed that the company had already denied his claim, is belied by the documentary proof in the record. While in the proper circumstances the insured may be given "another chance" to comply, "insurance companies are 'entitled to obtain, *promptly and while the information is still fresh*' * * * relevant information to enable them to decide upon their obligations and protect against false claims" (*Williams v American Home Assur. Co.*, 97 AD2d 707, 709, *affd* 62 NY2d 953 [emphasis added]). The delay and avoidance here has precluded any possibility of obtaining anything but stale information. Concur—Wallach, J. P., Rubin, Williams and Andrias, JJ.