■ PHYSICIANS' RECIPROCAL INSURERS, Appellant, v WERNER KELLER et al., Respondents. [665 NYS2d 515] —In an action for a judgment declaring that the plaintiff is relieved from its obligations to defend and indemnify its insured, the defendant Werner Keller, in an underlying action, pursuant to the terms of a policy of insurance, the plaintiff appeals from (1) a decision of the Supreme Court, Kings County (Clemente, J.), dated October 23, 1996, and (2) an order and judgment (one paper) of the same court, dated February 6, 1997, which denied its motion to declare that the defendant Werner Keller materially breached the terms of the policy of insurance.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the order and judgment is affirmed; and it is further,

Ordered that the respondent Chacko Matthew is awarded one bill of costs.

To effectively deny insurance coverage based upon lack of cooperation, an insurance carrier must demonstrate (1) that it acted diligently in seeking to bring about the insured's cooperation, (2) that the efforts employed by the carrier were reasonably calculated to obtain the insured's cooperation, and (3) that

the attitude of the insured, after his cooperation was sought, was one of willful and avowed obstruction (*see, Thrasher v United States Liab. Ins. Co.,* 19 NY2d 159; *Commercial Union Ins. Co. v Burr,* 226 AD2d 416; *Pawtucket Mut. Ins. Co. v Soler,* 184 AD2d 498). Here, the Supreme Court properly determined that the carrier failed to sustain its heavy burden of proving that it is not obligated to defend or indemnify its insured.

The plaintiff's remaining contention is unpreserved for appellate review and, in any event, without merit. Miller, J. P., O'Brien, Santucci and Altman, JJ., concur.