■ VELMA BAGHALOO-WHITE, Respondent, v ALLSTATE INSURANCE COMPANY, Appellant. [704 NYS2d 131] —In an action to recover damages for breach of an insurance policy, the defendant appeals from so much of an order of the Supreme Court, Nassau County (Phelan, J.), dated January 25, 1999, as granted that branch of the plaintiff's motion which was for summary judgment dismissing the fifth and sixth affirmative defenses in its answer.

Ordered that the order is affirmed insofar as appealed from, with costs; and it is further,

Ordered that counsel for the respective parties are directed to show cause why an order should not be made and entered imposing such sanctions and/or costs, if any, against the appellant and its attorney pursuant to 22 NYCRR 130-1.1 (c), as this Court may deem appropriate, by filing an original and four copies of their respective affirmations or affidavits on that issue in the office of the Clerk of this Court and serving one copy of the same on each other on or before April 13, 2000; and it is further,

Ordered that the Clerk of this Court is directed to serve counsel for the respective parties with a copy of this decision and order, with notice of entry, by regular mail.

"To effectively deny insurance coverage based upon lack of cooperation, an insurance carrier must demonstrate (1) that it acted diligently in seeking to bring about the insured's cooperation, (2) that the efforts employed by the carrier were reasonably calculated to obtain the insured's cooperation, and (3) that the attitude of the insured, after his cooperation was sought, was one of willful and avowed obstruction" (Physicians' Reciprocal Insurers v Keller, 243 AD2d 547, 548; see also, Thrasher v United States Liab. Ins. Co., 19 NY2d 159; Commercial Union Ins. Co. v Burr, 226 AD2d 416; Pawtucket Mut. Ins. Co. v Soler, 184 AD2d 498). Here, the plaintiff made out a prima facie case for summary judgment dismissing the defendant's fifth and sixth affirmative defenses. The Supreme Court properly held that the defendant failed to demonstrate the existence of an issue of fact, and properly dismissed the defendant's fifth and sixth affirmative defenses.

Based on the record it appears that the appellant's purpose in pursuing this appeal was to delay the litigation. The appel-

lant and/or its attorneys may be subject to sanctions and/or costs pursuant to 22 NYCRR 130-1.1 (a) for their conduct in pursuing a frivolous appeal. Accordingly, the parties are directed to file affirmations on the issue of the appropriate sanctions or costs, if any, to be imposed on the appellant and/or its attorneys. Bracken, J. P., Joy, Thompson, Goldstein and Feuerstein, JJ., concur.