■ THOMAS S. INGARRA, Respondent, v GENERAL ACCIDENT/PG INSURANCE COMPANY OF NEW YORK, Appellant. [710 NYS2d 168] —Lahtinen, J. Appeal from an order of the Supreme Court (Bradley, J.), entered July 12, 1999 in Ulster County, which denied defendant's motion for summary judgment dismissing the complaint.

In January 1997 plaintiff had homeowners' insurance coverage for his townhouse residence with defendant. Plaintiff left for Atlantic City, New Jersey, on Friday, January 17, 1997 and, upon his return to his residence five days later, observed water pouring from the first floor ceiling into the first floor and basement of his townhouse, seven or eight inches deep in some places. Plaintiff and a friend who had accompanied him to the residence immediately shut off the water and attempted to remove the water. The next morning plaintiff reported the incident to his insurance agent. Defendant's adjuster, Scott Demarest, went to the property on Monday, January 26, 1997 with a contractor and met with Paul Buda, a public adjuster representing plaintiff. On February 3, 1997 Demarest sent a letter to Buda (copied to plaintiff) which, *inter alia*, advised plaintiff of his duties after a loss as set forth in his policy, requested certain documentation and requested a signed, sworn proof of loss. On February 24, 1997 Demarest received an inventory from plaintiff with his claim and estimate for structural damage and contents damage dated February 13, 1997. On March 6, 1997 Demarest and an investigator employed by defendant again inspected plaintiff's residence and took pictures. On April 15, 1997 defendant received plaintiff's proof of loss form, which was signed and sworn to on March 7, 1997, via facsimile transmission from plaintiff's public adjuster. By letter dated April 16, 1997 defendant demanded an examination under oath under the policy and "neither accept[ed] nor reject[ed] the [p]roofs of loss." On June 4, 1997 plaintiff was examined by defendant's counsel who, in a letter dated June 27, 1997, requested additional documents. Plaintiff's counsel responded by letter with enclosures on July 11, 1997. On September 24, 1997 defendant issued a written denial of plaintiff's claim.

Plaintiff commenced this action in October 1997 seeking payment of his claim and additional damages based on defendant's refusal to pay. After discovery defendant moved for summary judgment seeking dismissal of the complaint based on plaintiff's allegedly untimely proof of loss, failure to comply with policy

conditions and fraud or concealment regarding his claim. In a decision addressing each of defendant's claims, Supreme Court denied defendant's motion. Defendant now appeals.

We affirm. It is well settled that an insured's failure to submit a sworn proof of loss within 60 days after receiving a demand to do so by its insurer, accompanied by blank proof of loss forms, provides a complete defense to an action for payment on an insurance policy (*see*, Insurance Law § 3407; *Marino Constr. Corp. v INA Underwriters Ins. Co.*, 69 NY2d 798, 800; *Igbara Realty Corp. v New York Prop. Ins. Underwriting Assn.*, 63 NY2d 201, 216). Defendant acknowledged receiving plaintiff's proof of loss by facsimile transmission on April 16, 1997, some 12 days beyond the 60-day period established by defendant's February 3, 1997 demand. In opposition to defendant's motion, however, plaintiff provided the affidavit of one of his public adjusters who averred that he had mailed (*see*, *Ball v Allstate Ins. Co.*, 81 NY2d 22) the completed proof of loss forms to defendant on or about March 7, 1997, the same date in which plaintiff's notarized signature appears thereon. This creates credibility issues regarding the timeliness of the proof of loss to be resolved by the trier of fact (*see*, *General Elec. Capital Corp. v Royal Ins. Co. of Am.*, 205 AD2d 396; *Kravitz v Pioneer Ins. Co.*, 176 AD2d 430). We also note that defendant did not conclusively establish that it had supplied blank proof of loss forms with its February 3, 1997 demand letter as required by Insurance Law § 3407. This has been held to preclude an insurer from denying recovery based on a failure to timely provide a proof of loss (*see*, *Bailey v Nationwide Mut. Fire Ins. Co.*, 133 AD2d 915).

Defendant next claims that plaintiff willfully violated the cooperation clause of the insurance policy, thereby precluding recovery. An insured's willful failure to provide material and relevant documents or to submit to an examination under oath may amount to a material breach of contract which would bar recovery under an insurance policy (*see*, *Weissberg v Royal Ins. Co.*, 240 AD2d 733, 734; *Levy v Chubb Ins.*, 240 AD2d 336, 337). The insurer's burden of proving willfulness has been termed "a heavy one" (*Levy v Chubb Ins.*, *supra*, at 337; *see*, *Ausch v St. Paul Fire & Mar. Ins. Co.*, 125 AD2d 43, 45-46, *lv denied* 70 NY2d 610) and requires a showing that the insured's attitude " 'was one of willful and avowed obstruction' " (*Baghaloo-White v Allstate Ins. Co.*, 270 AD2d 296, quoting *Physicians' Reciprocal Insurers v Keller*, 243 AD2d 547) involving a "pattern of noncooperation for which no reasonable excuse [is] offered" (*Argento v Aetna Cas. & Sur. Co.*, 184 AD2d 487,

488). Supreme Court correctly determined that defendant did not meet this heavy burden as a matter of law and that questions of fact existed pertaining to the reasonableness of plaintiff's cooperation. The record reveals that plaintiff submitted to an examination under oath, supplied documents and records, proffered what he believed were reasonable substitutes for discarded documents destroyed in the January 1997 incident and attempted to explain his position regarding those items he could not, or would not, produce.

Finally, defendant argues that plaintiff committed fraud or concealed facts in his claims which violated plaintiff's obligation of good faith and fair dealing. The submission of a fraudulent or false claim by an insured seeking recovery under an insurance policy may vitiate the terms of the policy (*see*, *Saks & Co. v Continental Ins. Co.*, 23 NY2d 161, 165). Defendant points out that plaintiff's proof of loss and estimate included claims for damages to the second floor of his townhouse, which plaintiff thereafter admitted was not damaged in this incident. Defendant also argues that some of the damages now claimed resulted from prior water damage incurred in 1993. Plaintiff explained that he had no records from the 1993 loss, which may have been among those destroyed and discarded as a result of the current damage, and that he did not go over the proof of loss as carefully as he should have. Supreme Court found this created a credibility issue which generally cannot be determined on a summary judgment motion (*see*, *Ferrante v American Lung Assn.*, 90 NY2d 623, 631; *Paynter v Moorehouse*, 270 AD2d 708). While aware that we have held that credibility may be determined as a matter of law when evaluating fraud or misrepresentations by a claimant under an insurance policy (*see*, *Rickert v Travelers Ins. Co.*, 159 AD2d 758, 760, *lv denied* 76 NY2d 701), we find the general rule regarding credibility determinations more appropriate on the facts of this case and, accordingly, decline to disturb Supreme Court's order.

Cardona, P. J., Mercure, Graffeo and Rose, JJ., concur. Ordered that the order is affirmed, with costs.