■ NEW YORK STATE INSURANCE FUND, Respondent, v MERCHANTS INSURANCE COMPANY OF NEW HAMPSHIRE, INC., Appellant, CPN CONSTRUCTION CORP. et al., Respondents, et al., Defendants. [773 NYS2d 431]—

In an action, inter alia, for a judgment declaring that the defendant Merchants Insurance Company of New Hampshire, Inc., is obligated to defend and indemnify the defendants CPN Construction Corp. and Building Block Contracting Corp., in an underlying personal injury action entitled *Salinas v Briarwood Ave. Assoc.,* pending in the Supreme Court, Kings County, under Index No. 1093/96, the defendant Merchants Insurance Company of New Hampshire, Inc., appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Dowd, J.), dated October 16, 2002, which granted the plaintiff's motion for summary judgment and declared that it is obligated to defend and indemnify the defendants CPN Construction Corp. and Building Block Contracting Corp. in the underlying personal injury action.

Ordered that the order and judgment is modified, on the law, by deleting the provision thereof granting that branch of the plaintiff's motion which was for summary judgment as to the defendant CPN Construction Corp. and declaring that the de-

fendant Merchants Insurance Company of New Hampshire, Inc., is obligated to defend and indemnify that defendant in the underlying personal injury action, and substituting therefor a provision denying that branch of the motion; as so modified, the order and judgment is affirmed, without costs or disbursements, and the action insofar as asserted against the defendant CPN Construction Corp., is severed.

The defendant Merchants Insurance Company of New Hampshire, Inc. (hereinafter Merchants), issued separate insurance policies to the defendants CPN Construction Corp. (hereinafter CPN) and Building Block Contracting Corp. (hereinafter Building Block). Building Block entered into a construction contract with the general contractor, Hallet's Cove Construction Corp. (hereinafter Hallet's Cove). Jubencio Salinas, who was employed by either CPN or Building Block, or both, fell from a height on the subject work site. Salinas and his wife commenced an action to recover damages for personal injuries, inter alia, against Hallet's Cove, which, in turn, commenced a third-party action against Building Block and CPN seeking common-law and contractual indemnification and contribution.

Merchants was unable to locate Building Block's principal, and disclaimed coverage 18 months after the commencement of the third-party action. Merchants also disclaimed coverage under the policy issued to CPN, citing the exclusion for bodily injury to an employee of the insured. The insurance policy issued to CPN provided that the employee exclusion did not apply to liability assumed under an "insured contract." Merchants maintained that there was no contract between CPN and Hallet's Cove. Therefore, it disclaimed on the ground that this exception to the employee exclusion did not apply to CPN.

The New York State Insurance Fund (hereinafter NYSIF) commenced this action, inter alia, for a judgment declaring that Merchants is obligated to defend and indemnify Building Block and CPN in the underlying personal injury action. The Supreme Court granted NYSIF's motion for summary judgment as to both policies.

In order to disclaim coverage on the ground of an insured's lack of cooperation, the carrier must demonstrate that (1) it acted diligently in seeking to bring about the insured's cooperation, (2) the efforts employed by the carrier were reasonably calculated to obtain the insured's cooperation, and (3) the attitude of the insured, after cooperation was sought, was one of willful and avowed obstruction (*see Thrasher v United States Liab. Ins. Co.*, 19 NY2d 159, 168-169 [1967]; *Commercial Union Ins. Co. v Burr*, 226 AD2d 416, 417 [1996]; *cf. State Farm Fire & Cas. Co. v Imeri*, 182 AD2d 683 [1992]).

Merchants failed to sustain its burden of demonstrating the existence of a triable issue of fact concerning whether Building Block's failure to cooperate amounted to willful and avowed obstruction (*see Baghaloo-White v Allstate Ins. Co.,* 270 AD2d 296 [2000]; *Commercial Union Ins. Co. v Burr, supra*), since mere inaction by an insured, by itself, will not justify a disclaimer of coverage on the ground of lack of cooperation (*see Pawtucket Mut. Ins. Co. v Soler,* 184 AD2d 498, 499 [1992]). In addition, under the circumstances, Merchants' disclaimer was untimely (*see* Insurance Law § 3420 [d]; *Hartford Ins. Co. v County of Nassau,* 46 NY2d 1028, 1029 [1979]).

The Supreme Court, however, erred in granting summary judgment to NYSIF with respect to the policy Merchants issued to CPN. The Supreme Court, in the underlying personal injury action, held that CPN and Building Block were united in interest. Yet Merchants was not a party to that action and is not bound by that holding. Therefore, it was error for the Supreme Court in this declaratory judgment action to hold that Merchants was so bound (*see Matter of Allstate Ins. Co. v Casanova,* 145 AD2d 630, 631 [1988]). NYSIF failed to respond to Merchants' argument on this point.

Since there is no issue on the record that the construction contract with Hallet's Cove was made by Building Block, and not by CPN, the exclusion for bodily injuries to employees of CPN is applicable because there is no relevant exception to this exclusion under the "insured contract" proviso. However, a question of fact exists that prevents the grant of summary judgment to Merchants upholding its disclaimer under the policy issued to CPN. To apply this disclaimer requires a finding, inter alia, that Salinas was employed by CPN, and a trial on the issue therefore is necessary. Given the confusion as to the identity of Salinas' employer, the 49-day delay in issuing the disclaimer on this ground was not unreasonable (*see Nielsen v Travelers Ins. Co.,* 213 AD2d 530 [1995]).

Merchants' remaining contentions either need not be reached, are unpreserved for appellate review, or are without merit. S. Miller, J.P., H. Miller, Schmidt and Crane, JJ., concur.