■ THOMAS R. BLINCO et al., Appellants, v PREFERRED MUTUAL INSURANCE COMPANY, Respondent. [782 NYS2d 483]—

Appeal from an order of the Supreme Court, Niagara County (Ralph A. Boniello, III, J.), entered March 12, 2003. The order granted defendant's motion to dismiss pursuant to CPLR 3211 for failure to comply with the terms of the insurance policy and denied plaintiffs' cross motion seeking a protective order to limit the scope of an examination under oath.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is denied, the complaint is reinstated and the matter is remitted to Supreme Court, Niagara County, for further proceedings in accordance with the following Memorandum: Supreme Court erred in granting the preanswer motion of defendant insurer to dismiss based on the alleged willful noncooperation of Thomas R. Blinco (plaintiff) with defendant's investigation of plaintiffs' alleged loss. In order to meet its burden on the motion, defendant was required to establish "(1) that it acted diligently in seeking to bring about [plaintiff's] cooperation, (2) that the efforts employed by [defendant] were reasonably calculated to obtain [plaintiff's] cooperation, and (3) that the attitude of [plaintiff], after his cooperation was sought, was one of willful and avowed obstruction" (*Physicians' Recip-*

rocal Insurers v Keller, 243 AD2d 547, 547-548 [1997]). "Willful noncooperation has been found to exist when there is a pattern of noncompliance for which no reasonable excuse can be offered . . . , or where the failure to cooperate is persistent" (Levy v Chubb Ins., 240 AD2d 336, 337 [1997]).

In this case, plaintiffs' alleged loss occurred at some time between October 27, 2000 and November 7, 2000 and, despite prompt notification by plaintiffs of the alleged loss, defendant did not notify plaintiff that it wished to examine him under oath until defendant's counsel sent a letter dated September 23, 2002 offering plaintiff five dates in October in which to attend the examination. By letter dated September 25, 2002, defendant's counsel notified plaintiff that he was required to produce at the examination, inter alia, his tax returns for the last three years and documentation concerning "any and every claim" made by plaintiff or on his behalf "to or against an insurance company." Plaintiffs' counsel objected thereto. Defendant's "burden of proving willfulness is a heavy one" (id.), and we conclude herein that defendant failed to meet that burden. Plaintiffs' objection to the broad scope of documentation required by defendant was not unreasonable and, indeed, plaintiffs cross-moved in this action for a protective order with respect to that documentation in response to defendant's motion to dismiss the action. Thus, defendant did not establish the requisite willful noncooperation by plaintiff, nor did defendant establish that it "acted diligently in seeking to bring about [plaintiff's] cooperation" (Physician's Reciprocal Insurers, 243 AD2d at 547). We therefore reverse the order, deny defendant's motion, and reinstate the complaint, and we remit the matter to Supreme Court to determine plaintiffs' cross motion for a protective order. Present—Pigott, Jr., P.J., Gorski, Martoche and Hayes, JJ.