■ CONTINENTAL CASUALTY COMPANY, Respondent, v TERRANCE D. STRADFORD, Defendant, and HECTOR GUNARATNE et al., Appellants. [847 NYS2d 631]—

In an action for a judgment declaring that the plaintiff is not obligated to defend or indemnify the defendant Terrance D. Stradford in an underlying action entitled *Gunaratne v Stradford,* pending in the Supreme Court, Richmond County, under index No. 98-13406 and an underlying action entitled *Perera v Stradford,* pending in the same court, under index No. 98-13407, the defendants Hector Gunaratne, Rose Gunaratne, and Sumandasa Perera, parent and natural guardian of Prashan Perera, appeal from an order of the Supreme Court, Richmond County (Minardo, J.), entered March 31, 2006, which granted

the plaintiff's motion for summary judgment and denied their cross motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, the motion is denied, the cross motion is granted, and the matter is remitted to the Supreme Court, Richmond County, for the entry of a judgment declaring that the plaintiff is obligated to defend and indemnify the defendant Terrance D. Stradford in the underlying actions entitled *Gunaratne v Stradford*, pending in the Supreme Court, Richmond County, under index No. 98-13406, and *Perera v Stradford*, pending in the same court under index No. 98-13407.

To effectively deny insurance coverage based upon lack of cooperation, "an insurance carrier must demonstrate (1) that it acted diligently in seeking to bring about the insured's cooperation, (2) that the efforts employed by the carrier were reasonably calculated to obtain the insured's cooperation, and (3) that the attitude of the insured, after his cooperation was sought, was one of willful and avowed obstruction" (*Physicians' Reciprocal Insurers v Keller*, 243 AD2d 547, 547-548 [1997]; *see Thrasher v United States Liab. Ins. Co.*, 19 NY2d 159 [1967]; *Hyer v Travelers Ins. Co.*, 297 AD2d 707 [2002]; *Commercial Union Ins. Co. v Burr*, 226 AD2d 416 [1996]; *Pawtucket Mut. Ins. Co. v Soler*, 184 AD2d 498 [1992]).

The plaintiff, Continental Casualty Company (hereafter Continental), provided counsel for the defendant Terrance D. Stradford in two underlying actions. During the course of the investigation and defense of both actions, Stradford ignored a series of written correspondence and telephone calls from Continental's representatives and from defense counsel. In addition, Stradford repeatedly refused to provide requested documents, records, and evidence and unreasonably refused to consent to a recommended settlement based on adverse findings of experts retained to review the underlying actions. Notwithstanding his own request for new counsel, Stradford refused to execute stipulations consenting to a change of attorney. He also failed to appear for scheduled depositions and meetings. On July 8, 2004 Continental's claims consultant sent Stratford two separate letters advising him that he was in breach of the policy's cooperation clause and risked a disclaimer of coverage on the underlying actions if he continued to fail to cooperate. Both letters were returned to Continental's office on August 11, 2004 marked "Unclaimed."

Moreover, the same claims consultant acknowledged that he had been assigned by Continental to handle two other professional liability claims against Stradford (hereafter the

O'Halloran/Shields claims). On June 1, 2004 Continental obtained an order signed by Justice Thomas P. Aliotta of the Supreme Court, Richmond County (hereafter Justice Aliotta's order), in a declaratory judgment action relieving it of its obligation to defend and indemnify Stradford in dental malpractice actions arising out of the O'Halloran/Shields claims. Contrary to the suggestion of our dissenting colleagues, the record belies any substantial distinction between Stradford's willful noncooperation in any of the four claims. Among the documents Continental submitted to establish what its counsel described as "a clear pattern of non-compliance and obstruction on the part of Stradford, and Continental's reasonable, and indeed quite vigorous efforts to elicit Stradford's cooperation" are numerous letters sent to Stradford either by Continental, or counsel assigned by Continental to represent Stradford, reminding him of his obligation to cooperate in the investigation and defense of the underlying claims and actions. At least 10 of those letters, sent over a period of time dating back to early 1999, make reference to Stradford's lack of cooperation in actions involving the O'Halloran/Shields claims in addition to his failure to cooperate in the investigation and defense of the claims of the appellants herein. The record demonstrates that Stradford's failure to cooperate equally permeated all four claims. In fact, Continental submitted Justice Aliotta's order in support of its application in this declaratory judgment action and argued that the facts which justified the June 2004 order were "absolutely identical" to Stradford's willful noncooperation in the claims underlying this declaratory judgment action. Moreover, Continental argued that Stradford should be foreclosed from contending otherwise by the doctrine of collateral estoppel. There is no indication that the Supreme Court relied on the doctrine of collateral estoppel in this action. Nevertheless, in view of the numerous letters jointly addressing all four claims and counsel's assertion that the facts involved in both declaratory judgment actions were "absolutely identical," there is no basis to now conclude that Stradford's conduct in the two sets of claims was so distinct as to justify the need for extensive consultation with coverage counsel over a period of two months.

Under these circumstances, although Continental carried its burden to establish that it acted diligently in seeking to bring about Stradford's cooperation, that its efforts were reasonably calculated to obtain Stradford's cooperation, and that the attitude of Stradford, its insured, after his cooperation was sought, was one of willful and avowed obstruction (*see Utica First Ins. Co. v Arken, Inc.*, 18 AD3d 644 [2005]; *Hyer v Travelers Ins. Co.*, 297 AD2d 707 [2002]), Continental failed to make out a

prima facie case that its disclaimer of coverage on that basis was timely (*see* Insurance Law § 3420 [d]).

A cogent argument could be made that in March 2004, when it moved for declaratory relief with respect to the O'Halloran/Shields claims, Continental had sufficient knowledge of the facts on which it could reasonably disclaim coverage for willful noncooperation in the claims underlying this action as well. Certainly, in June 2004 when Continental received Justice Aliotta's order granting the requested declaratory relief in actions arising out of the O'Halloran/Shields claims, Continental was in receipt of a judicial imprimatur that Stradford's conduct permitted a disclaimer. Nevertheless, acknowledging that Continental was continuing to pursue its heavy burden to diligently bring about Stradford's cooperation in the claims underlying this declaratory judgment action (*see Thrasher v United States Liab. Ins. Co.*, 19 NY2d 159, 168-169 [1967]) we find that Continental had sufficient information to support a disclaimer of coverage not later than August 11, 2004, the date of the return of the letters marked unclaimed. The lapse of in excess of two months from August 11, 2004, the date it was readily apparent that its efforts to obtain the cooperation of its insured were fruitless, until October 13, 2004, the date Continental sent its disclaimer letter, without adequate explanation, was not "as soon as is reasonably possible" within the contemplation of the statute (Insurance Law § 3420 [d]; *see Hartford Ins. Co. v County of Nassau*, 46 NY2d 1028, 1030 [1979]; *Matter of Allstate Ins. Co. v Cruz*, 30 AD3d 511 [2006]; *Utica First Ins. Co. v Arken, Inc.*, 18 AD3d 644 [2005]; *Hyer v Travelers Ins. Co.*, 297 AD2d 707 [2002]). Other than the undocumented and conclusory assertion that it was consulting with claims counsel to determine whether the six-year-long, well-documented pattern of willful noncooperation warranted a disclaimer of coverage, Continental has offered no evidence to justify its delay. Accordingly, the Supreme Court should not have granted Continental's motion for summary judgment.

Moreover, the appellants, under these circumstances, established their prima facie entitlement to summary judgment declaring that Continental is obligated to defend or indemnify the defendant Terrance D. Stradford in an action entitled *Gunaratne v Stradford*, pending in the Supreme Court, Richmond County, under index No. 98-13406 and an action entitled *Perera v Stradford*, pending in the same court, under index No. 98-13407. Continental's failure to disclaim coverage on the ground of lack of cooperation until October 13, 2004, was unreasonable (*see Hartford Ins. Co. v County of Nassau*, 46 NY2d 1028, 1029

[1979]; *New York State Ins. Fund v Merchants Ins. Co. of N.H.*, 5 AD3d 449, 451 [2004]). In opposition, Continental failed to raise a triable issue of fact as to the timeliness of its disclaimer. Accordingly, the Supreme Court should have granted the appellants' cross motion.

Since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Richmond County, for the entry of a judgment declaring that the plaintiff is obligated to defend and indemnify the defendant Terrance D. Stradford in the underlying actions (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Santucci, J.P., Skelos, and Fisher, JJ., concur.

Goldstein, J. (dissenting and voting to affirm the order appealed from, with the following memorandum, in which Schmidt, J., concurs): As the Supreme Court properly concluded, the plaintiff insurance carrier established that the insured failed to cooperate with it in his defense (*see Utica First Ins. Co. v Arken, Inc.*, 18 AD3d 644 [2005]). Further, under the circumstances, the insurance carrier's disclaimer was timely.

Insurance Law § 3420 (d) provides that in a case involving personal injuries, the insurance carrier must disclaim liability "as soon as is reasonably possible." In a case where the reason to disclaim is apparent as soon as the claim is made—such as where the insurance carrier did not receive timely notice of the accident—short unexplained delays may render the disclaimer invalid (*see First Fin. Ins. Co. v Jetco Contr. Corp.*, 1 NY3d 64, 70 [2003]).

However, in a case where the ground for disclaimer is noncooperation of the insured, the reason to disclaim is not apparent as soon as the claim is made. Even where it is apparent that the insured has not cooperated, the insurance carrier has a "heavy" burden of "diligently . . . seeking to bring about the insured's co-operation" and demonstrating that its efforts were "reasonably calculated" to secure that cooperation; a disclaimer is only permissible when it is apparent that the noncooperation constitutes "willful and avowed obstruction" (*Thrasher v United States Liab. Ins. Co.*, 19 NY2d 159, 167-168 [1967]; *see Utica First Ins. Co. v Arken, Inc.*, 18 AD3d 644 [2005]; *Matter of New York Cent. Mut. Fire Ins. Co. [Salomon]*, 11 AD3d 315, 318 [2004]).

In the instant case, the underlying actions to recover damages for dental malpractice were commenced in 1998. The carrier first requested the insured's cooperation in February 1999. Thereafter the insured, without explicitly repudiating his duty to cooperate with the carrier, engaged in a pattern of noncoop-

erative conduct which became "increasingly more egregious with the passage of time." He appeared for one deposition and then failed to appear for other depositions and meetings and failed to provide requested documents while continuing to promise to provide documents in his possession. After a settlement was suggested by the attorney provided by the carrier to defend the insured, the insured attributed his lack of cooperation to his loss of confidence in that attorney.

In July 2003 the insurance carrier agreed to the insured's request for a new attorney to defend him. The original attorney moved to be relieved, the motion was granted, and the insured was notified of the name and address of his new attorney in April 2004. In July 2004, after the insured failed to sign the authorization for substitution of counsel and failed to return counsel's telephone calls, the insurance carrier sent letters to the insured by regular and certified mail, asking him to meet with the carrier on or before August 13, 2004, and to consent to allowing the carrier to settle the claims, and warning that further noncooperation "may imperil your coverage under the Policy for this claim."

On August 11, 2004 the letters from the insurance carrier were returned unclaimed. The fact that the letters were returned unclaimed was insufficient to support an inference that the failure to cooperate was deliberate (*see Matter of Liberty Mut. Ins. Co. v Roland-Staine*, 21 AD3d 771, 773 [2005]; *Matter of New York Cent. Mut. Fire Ins. Co. [Salomon]*, 11 AD3d 315, 318 [2004]). As noted by the appellants on appeal, "there is no proof" that the insured received these letters, since they were returned "unclaimed."

According to the insurance carrier's claims consultant, the "normal protocol" for disclaiming in cases such as this was for him to make a recommendation to his director who, in turn, would make a recommendation to coverage counsel. After consulting with "coverage counsel," the carrier concluded that the insured's pattern of conduct justified an inference that the failure to cooperate was willful.

On October 13, 2004, two months after the letters were returned unclaimed, the insurance carrier's attorney disclaimed coverage based upon the insured's "pattern of non-cooperation" and advised the insured that the carrier "in conjunction with this disclaimer letter" was "initiating a declaratory judgment action against you which seeks a judicial declaration that on account of your non-cooperation, you are not entitled to any further defense or indemnification coverage." On or about October 29, 2004 the carrier commenced the instant action against the

insured and the claimants in the underlying actions for a judgment declaring the validity of its disclaimer. The insured defaulted in appearing in the action.

The carrier moved for leave to enter a default judgment against its insured, and for summary judgment against the claimants in the underlying actions. The claimants cross-moved for summary judgment, arguing that the carrier failed to prove a willful failure to cooperate and failed to timely disclaim on those grounds. The Supreme Court granted the carrier's motion and denied the cross motion.

On appeal, the appellants take the inherently inconsistent positions that the carrier should have done more to encourage the insured's cooperation after its letters were returned unclaimed on August 11, 2004 and should have disclaimed liability sooner—perhaps years sooner. The majority concurs with the Supreme Court that the insured's pattern of conduct was sufficient to satisfy the carrier's "heavy" burden of establishing "willful and avowed obstruction" on the part of its insured (*Thrasher v United States Liab. Ins. Co.*, 19 NY2d 159, 168 [1967]; *Hyer v Travelers Ins. Co.*, 297 AD2d 707, 708 [2002]; *Commercial Union Ins. Co. v Burr*, 226 AD2d 416, 417 [1996]). However, the majority further concludes that the disclaimer was untimely as a matter of law.

The majority's position places the carrier in an untenable dilemma: the carrier must diligently seek to bring about the insured's cooperation and may only disclaim after the insured has demonstrated willful and avowed obstruction, while adhering to time constraints applicable to situations where the reason to disclaim is "immediately apparent" upon receipt of the claim (*Matter of Allstate Ins. Co. v Cruz*, 30 AD3d 511, 513 [2006]). Requiring the carrier to adhere to such time constraints would encourage precipitous disclaimers, contrary to the public policy of requiring the carrier to make diligent efforts and to defer the decision to disclaim until after the insured has demonstrated "willful and avowed obstruction" (*Thrasher v United States Liab. Ins. Co.*, 19 NY2d 159, 168 [1967]). The requirement that the carrier make such efforts is "to protect an innocent injured party, who may well have relied upon the fact that the insured had adequate coverage, from being penalized for the imprudence of the insured, over whom he or she has no control" (*Mount Vernon Fire Ins. Co. v 170 E. 106th St. Realty Corp.*, 212 AD2d 419, 420-421 [1995]; *see Thrasher v United States Liab. Ins. Co.*, 19 NY2d 159, 168 [1967]; *Hanover Ins. Co. v DeMato*, 143 AD2d 807, 808 [1988]). In the instant case, the appellants are the very persons whom this requirement seeks to protect.

While it is true that the carrier must act "as soon as is reasonably possible" (Insurance Law § 3420 [d]), the Court of Appeals noted in *Hartford Ins. Co. v County of Nassau* (46 NY2d 1028, 1030 [1979]) that "a two-month delay may often be easily justified" (*see Norfolk & Dedham Mut. Fire Ins. Co. v Petrizzi*, 121 AD2d 276, 277 [1986]). In the instant case, the question of whether a disclaimer based upon noncooperation was warranted required an analysis of whether the insured's pattern of conduct over a period of nearly six years met the stringent legal standards for disclaimer on that basis. This analysis required consultation with the carrier's attorney, who issued the disclaimer letter in conjunction with a determination that commencement of a declaratory judgment action against the insured was warranted. Accordingly, the two-month delay was explained and was reasonable under the circumstances (*see Generali-U.S. Branch v Rothschild*, 295 AD2d 236, 237-238 [2002]; *New York Cent. Mut. Fire Ins. Co. v Riley*, 234 AD2d 279, 280 [1996]; *Matter of Prudential Prop. & Cas. Ins. Co. [Mathieu]*, 213 AD2d 408 [1995]).

The cases involving unreasonable delays in disclaiming based upon noncooperation typically involve delays substantially longer than in the instant case. For example, in *Consolidated Edison Co. of N.Y. v Hartford Ins. Co.* (203 AD2d 83, 84 [1994]), a delay of 4½ months after "the point in time when the insurer becomes aware of sufficient facts upon which to base a decision to disclaim coverage" was deemed unreasonable as a matter of law. In *Allcity Ins. Co. v 601 Crown St. Realty Corp.* (264 AD2d 315, 316 [1999]), relied upon by the appellants, the carrier's delay of over two years after the final letter attempting to secure the insured's voluntary cooperation was unreasonable as a matter of law. In *New York State Ins. Fund v Merchants Ins. Co. of N.H.* (5 AD3d 449, 451 [2004]), cited by the majority, the carrier disclaimed coverage 18 months after commencement of a third-party action against its insured and the disclaimer was based upon the insured's "mere inaction" which was insufficient to demonstrate noncooperation.

As further support for its conclusion that the disclaimer was untimely, the majority notes that in June 2004, in another declaratory judgment action relating to different claims against the same insured, the Supreme Court, Richmond County, declared that the carrier was not obligated to defend or indemnify the insured based upon his noncooperation. In that case, the insured failed to appear on scheduled trial dates, which constitutes a particularly egregious form of noncooperation (*see Allstate Ins. Co. v United Intl. Ins. Co.*, 16 AD3d 605, 606

[2005]). The claimants in the instant case took the position that the determination in that prior case was not binding here "inasmuch as different facts and evidence are before the Court on the instant application." The fact that the carrier prevailed in the prior action did not mean that it immediately should have disclaimed in all cases involving the same insured. Since the carrier met the insured's demands to replace his attorney in April 2004—which the insured claimed was the stumbling block to his cooperation—the carrier cannot be faulted for taking further time and making further efforts to secure his cooperation in the months thereafter.

Perhaps, with hindsight, an argument could be made that there was sufficient evidence of noncooperation earlier in the proceedings. However, no authority is cited for the proposition that the carrier was required to do the legal minimum and no more, assuming arguendo it could judge what the legal minimum was under these circumstances. Imposing a requirement that the carrier immediately disclaim after it has done the legal minimum to sustain its "heavy" burden (*Thrasher v United States Liab. Ins. Co.*, 19 NY2d at 168) is an oxymoron which would not serve the interests of innocent claimants such as the appellants who have no control over the conduct of the insured.

Nevertheless, cognizant that the carrier is trapped between the proverbial rock and a hard place, the appellants maintain that the carrier could have and should have done still more to meet its heavy burden of demonstrating lack of cooperation. In their reply brief, they cite the carrier's arguments that it satisfied this heavy burden as "support" for their argument that the disclaimer was untimely.

It is true that the carrier made Herculean efforts to secure the insured's cooperation, which included appointment of a new attorney to represent him, negotiating proposed settlements to which the insured refused to agree, and scheduling and rescheduling meetings which the insured failed to attend. The carrier should not be penalized for these efforts, which were in the best interest of the appellants themselves. When the carrier's final letters were returned unclaimed, a reasoned determination was made in consultation with coverage counsel that further efforts were futile and commencement of the instant action for declaratory relief was required. The insured and the claimants were promptly notified of that determination and the extensive reasons therefor. Under the circumstances of this case, it cannot be said that the disclaimer was untimely.